FILED

AUG 3 0 2006

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| THE CLEMMONS' ESTATE **C/O SAMUEL CLEMMONS** **ATTN: C. OWENS** 2137 SOFT PINE LN ACWORTH, GA 30132 | ) CIVIL ACTION NO: ) ) ) _____ ) |

vs.

LABCORP, LABORATORY CORP. OF
AMERICA
Attn: Corporate Attorney
1440 York Court Extension
Burlington, NC 27215

CASE NUMBER  1:06CV01536

JUDGE: Royce C. Lamberth

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 08/30/2006

JURY ACTION

## PLAINTIFF'S COMPLAINT CONCERNING FREEDOM OF INFORMATION ACT AND PRIVACY ACT VIOLATIONS, IDENTITY THEFT AND IDENTITY FRAUD AND OTHER CRIMES CONCERNING RIGHTS TO PRIVACY; RESULTING IN MORE DAMAGES THROUGH VIOLATIONS OF THE PLAINTIFF'S CONSTITUTIONAL RIGHTS TO PRIVACY AND OTHERS TO TRIGGER THIS FULL LAWSUIT IN THIS COURT OF LAW

Comes Samuel Clemmons, file this civil lawsuit in the
United States District Court for the District of Columbia
against LabCorp of America located at 1957 Lakeside Parkway,
Suite 542, Tucker, GA 30084. Such laboratory is funded by state
and federal funds through contracts with its main operation
center located in the State of North Carolina located at
**LabCorp, Laboratory Corporation of America, 1440 York Court**
**Extension, Burlington, NC 27215.**

1

1   This laboratory or its affiliates are confirmed in this
2   lawsuit to be in violation of the Plaintiff's constitutional
3   rights to privacy.

4   This laboratory has committed multi crimes of allegedly
5   wrongful theft by taking, theft by deceptions and identity
6   fraud. This laboratory is or will found guilty of allegedly
7   stealing with intent to use something against a person or estate
8   without an approved order attached such as a search warrant to
9   perform such actions allegedly claimed conducted when someone is
10  in the custody of the State or without written consent of the
11  parties they are taking tangible property.

13  This laboratory is confirmed to have allegedly witnessed a
14  crime being committed against the Plaintiff and the Plaintiff's
15  estates and is confirmed to be an accessory to others actions
16  that followed after such wrongful sequence of events thereafter.

17  Such a person(s) or such a State such as the State of
18  Georgia is also a confirmed witness that such laboratory does
19  not or did not have the consent of the Plaintiff whom which they
20  wished to draw tangible property from the Plaintiff's personal
21  but private parts or estates to perform this illegal search and
22  seizures by taking from a person's such as the Plaintiff's
23  private procession.

Clemmons' Estate v. LabCrop Laboratory Corporation of America, 1440 York
Court Extension, Burlington, NC 27215

1    For the record, the Plaintiff expresses this in the most

2    layman terms possible for the laboratory, such claimed

3    person(s), the State of Georgia and the allegedly claim well

4    educated State of Georgia's State Solicitor office in fully

5    understanding the term **no.** No meaning a word used to express

6    refusal to do or give, denial, or disagreement.

7        The laboratory allegedly claim but fully knew and was fully

8    aware that the Plaintiff allegedly admitted a no to this

9    wrongful administration of drawing the Plaintiff's tangible

10   parts for a disapproved testing. The word no is no difference

11   from a maxis theory when a female say no to any test or sexual

12   advances conducted on her. No means no and does not constitute a

13   yes in any form or fashion. If someone entered a **no** or a plea of

14   **not guilty** that clearly says that such person is saying **no** to

15   the crimes or actions allegedly placed against him or her. The

16   necessary parties involved needs to administrative the law

17   accordingly and file such paper work accordingly to establish

18   probable cause to plea their arguments in getting a valid search

19   warrant to perform what they are seeking to perform.

20       No man or woman has the rights to go above and beyond the

21   law into thinking that they can do whatever to someone and

22   expect to get away with it without paying the cost for their

23   illegal actions or activities.

24

25

Clemmons' Estate v. LabCrop Laboratory Corporation of America, 1440 York
Court Extension, Burlington, NC 27215

1   In order to prevent what we have here today in this lawsuit

2   to be generated to establish more arguments in stating what is

3   illegal and what is not illegal. We must determine. Who is the

4   sole party allegedly to be responsible for such negligence act?

5   Who is the sole party allegedly to be responsible for committing

6   an intentional act with malice intent of committing FRAUD by

7   illegal taking tangible property? We must also determine what

8   parties are not responsible. One must determine what parties

9   should pay for all these damages that have occurred for

10  violation of such person(s) constitutional rights, human rights

11  and rights to privacy?

12
    According to the law somebody has to pay for these damages

13  for those who are responsible for committing crimes of deceit,

14  identity theft, and theft by taking and identity fraud in an

15  attempt to gain money for unknown and unpractical reasons.

16
    The Plaintiff sees no where in the mist of this that he

17  should be single out to carry the burden for something he is not

18  responsible for committing that should constitute continuous

19  jail time or any involvement with the law. For some reasons due

20  to the laboratory illegal activities and other wrongdoing, they

21  expects the Plaintiff to pay in his entirety for something he

22  was not aware of and did not approve by means of giving verbal

23  or written consent to use something from his personal belonging

24  to be used against him without legal but proper documentation.

25

Clemmons' Estate v. LabCrop Laboratory Corporation of America, 1440 York
Court Extension, Burlington, NC 27215

Therefore, the Plaintiff enters this complaint as his defense to recover from civil liabilities from all parties involved.

It was such person(s) or the State of Georgia whom the Defendants (LabCorp) may point the fingers who issued and placed such requests for the laboratory to perform an illegal activity in search of the Plaintiff's private parts without the Plaintiff's consent.

The laboratory clearly saw within plain view that such withdrawal would be unconstitutional. The laboratory still insisted to go along with such person(s) or the State of Georgia's negligence actions or acts requested.

It was the laboratory who allegedly performed this wrongful action by breaking and entering by force to break the seal of the Plaintiff's property on so allegedly claimed March 18, 2003.

The laboratory demonstrated by allegedly entering by compel or force to break the seal of the Plaintiff's dwelling (body) to puncher the vein underneath the Plaintiff's flesh to illegally to draw from the well (vein) which flows the nature flows of minerals throughout the body to be tested without legal documentation such as a valid search warrant. See Case law: STATE v. SLAVNY, 195 Ga. App. 818 (1990) 395 S.E. 2d 56 and other similar cases that contest illegal searches and seizures.

Clemmons' Estate v. LabCrop Laboratory Corporation of America, 1440 York Court Extension, Burlington, NC 27215

If the laboratory or such person(s) or the State of Georgia needs further explanation to the Plaintiff's argument stated above. This crime should be compared to others that it's no different when a person trespasses on state property or someone else property with an intentionally act to dig without a permit or the true owner's consent or permissions and discovery oil or other valuable minerals and tries to claim rights to the minerals that he or she claimed that they discovered. This would be a violation or the State's laws and a violation of the rightful owner rights to his or her property. Which the courts will find that such entry upon such property was illegal and such person who wrongful entered onto the property does not have any rights to what such person claim to have found or discovered as his which will be ruled as unconstitutional. (An illegal search and seizures)

Thereby resulting to the allegedly claimed actions performed by the laboratory, the laboratory does not have any rights or claim to anything that was allegedly illegally taken from the Plaintiff's tangible property, body or estate. Such laboratory does not have the rights to release what they so allegedly had taken illegally to be tested or published it to cause harm to either side because the actions performed were illegal and not within the constitutional of the laws of search and seizures.

Clemmons' Estate v. LabCrop Laboratory Corporation of America, 1440 York Court Extension, Burlington, NC 27215

Therefore causing such laboratory to allegedly go above and beyond the law in administering force to remove private substance from a person body without having the proper legal documentation to justify their actions performed; On such dates specified in this complaint the laboratory committed force by taking from the persons' procession making the laboratory to be fully responsible for these civil damages that the Plaintiff so seek, claim and expresses in this complaint.  The laboratory is fully responsible for tort claims, libel and punitive damages from going outside the lines of the law.

The Plaintiff continues to allegedly express that the laboratory never had the complete paperwork to perform any allegedly claimed actions as stated to go inside such person property with force to withdraw something that is not theirs. They allegedly failed to provide the Plaintiff with a copy of a valid search warrant to justify their actions for performing such wrongfully allegedly tasks against the Plaintiff.

The Plaintiff was supposedly but allegedly was forced through incarceration at the time of this illegal search and seizure showing the Defendants did not have exclusive rights to perform the actions in which they performed even when the Plaintiff allegedly was in their custody or they allegedly witnessed the Plaintiff was detained beyond his control and without his consent.

Clemmons' Estate v. LabCrop Laboratory Corporation of America, 1440 York Court Extension, Burlington, NC 27215

8

Due to the allegedly Defendant's negligence acts and conducts this is a violation of the Plaintiff's rights under Article 1. Bill of Rights, Section I. Rights of Person rights to privacy.

These allegedly actions performed by the Defendants are in violation of the Plaintiff's constitutional rights making such actions performed by such laboratory once again to be an illegal search and seizure which is unconstitutional and outsides the lines and scope of the law to use something against someone to incriminate someone without their consent. (Please review Article 1 of the Bill of Rights.)

Therefore the Plaintiff files this lawsuit in full in this court explaining the allegedly sequences of events in support of the Articles of the Bill of rights which this complaint should be judge and rule upon in this court of law.

## II

### THE SEQUENCES OF EVENTS ARE AS FOLLOWS:

On March 22, 2002, the Plaintiff was allegedly arrested by force for a criminal crime the Plaintiff had no knowledge about which eliminate the elements of malice, wrongful and intentional act with neglects in releasing the Plaintiff from any criminal acts or charges so allegedly claimed the Plaintiff had committed. One cannot commit a crime without knowing.

Clemmons' Estate v. LabCrop Laboratory Corporation of America, 1440 York Court Extension, Burlington, NC 27215

1      Therefore, it does not release the Defendants from the

2  elements of malice, wrongful and intentional acts.

3      This arrest came a four months after the Plaintiff was

4  informed by the Department of Justice that someone (a convicted

5  felon) allegedly had being using the Plaintiff's personal

6  information to commit other crimes under the Plaintiff's names

7  or family name. Which later the Plaintiff discovered such

8  information expressed and given to him was fraudulent

9  information that set the grounds of many events the Plaintiff

10  has faced in dealing with people who have given wrongful

11  information and committed many crimes against the Plaintiff of

12  deceit.

13      The Plaintiff was advised of this information on November

14  27, 2001 which is a case or problem under review in this court

15  (See case 1:06CV00305 (RCL) and 1:06CV01285 (RCL)).

16      After being advised and informed of such information, the

17  Plaintiff has been advised not to give out anything personal

18  without the proper legal documentation and proper procedures of

19  the law.

20      On June 3, 2002, the allegedly Plaintiff appeared before a

21  State Court in the County of Dekalb County and entered a plea of

22  not guilty and requested to be tried before a full jury trial

23  concerning these false charges. This paper work will be provided

24  to the court at the Plaintiff's Motion to Enter Discovery.

Clemmons' Estate v. LabCrop Laboratory Corporation of America, 1440 York
Court Extension, Burlington, NC 27215

1    The Plaintiff and the Plaintiff's attorney allegedly argued

2    and agreed that no such tests are needed due to the State's lack

3    of evidence, lack of probable cause and the State's witness

4    allegedly in not legally or legit knowing the Plaintiff which

5    such person showed signs of mental disorders, etc. The Plaintiff

6    allegedly disputed such testing that such testing would be going

7    against Plaintiff's allegedly constitutional rights and his

8    freedom of beliefs. The Plaintiff allegedly fully informed the

9    courts and his attorney of his religious belief, and values in

10   not submitting anything from his personal property or procession

11   without proper documentation such as a marriage license or

12   contract stating that two people were join together or without a

13   search warrant in placed. The Plaintiff clearly advised and

14   informed the courts of his beliefs through freedom of speech

15   expressing, condemning and condoning any births out of wedlock

16   for one private gain for the sole purpose of funds in return

17   that if such accused crime allegedly claimed that the Plaintiff

18   had committed.

19   Therefore, the Plaintiff and the Plaintiff's attorney

20   allegedly argued and disagreed not to consent to any blood

21   testing without a state validated search warrant into the

22   Plaintiff allegedly private property that is the Plaintiff's

23   body. It was such person(s) or the State of Georgia who

24   allegedly failed to honor such statements allegedly argued by

Clemmons' Estate v. LabCrop Laboratory Corporation of America, 1440 York
Court Extension, Burlington, NC 27215

1   the Plaintiff and the Plaintiff's attorney. It was such

2   person(s) or the State of Georgia and the LabCorp whom choose to

3   apply force to go into the Plaintiff's private parts without

4   validation through legal but proper documentation according to

5   the law. The State of Georgia allegedly used this LabCorp as its

6   scapegoats to administrate its wrongdoing for a small fee and

7   continuous contract to continue to do business such as this for

8   such person(s), the State of Georgia and others.

9       Such person(s) or the State of Georgia allegedly claims

10  that such test was ordered properly which is fraudulent. Because

11  after searching the market there is not one agency or

12  organization such as a medical laboratory conduct such thorough

13  allegedly claimed testing for a small fee in the amount of

14  $130.00 for the testing of three allegedly claimed people that

15  is equivalent to $43.00 per person.

16      Such person(s) or The State of Georgia allegedly claimed to

17  have paid this laboratory for its illegal activities, finding,

18  fraudulently reporting and for supposedly its continuous work

19  contracts with this person(s) or the State of Georgia. These

20  facts will be provided to the court at the Plaintiff's Motion

21  Request to Enter Discovery if necessary.

22      On August 26, 2002, the Plaintiff was allegedly instructed

23  to go to such location without having any or proper ID required

24  without the Plaintiff's consent and without such person(s) or

Clemmons' Estate v. LabCrop Laboratory Corporation of America, 1440 York
Court Extension, Burlington, NC 27215

State of Georgia's search warrant in place. On such date the

Plaintiff allegedly did show up, but the laboratory was not

willing and able to perform the tasks requested by such

person(s) or the State of Georgia. The lab reasons are allegedly

to be unknown.

Due to the Defendants did not have the proper paper work,

the Plaintiff's identification and the Defendants did not have

the attached search warrant needed to perform what was requested

by such person or The State of Georgia, the laboratory allegedly

advised the Plaintiff to leave due to not having necessary

documentation. (*See the attached argument presented by the*

*Plaintiff's attorney that will be entered into the record upon*

*the Motion to Enter Discovery if necessary*)

On October 15, 2002, the Plaintiff allegedly once again

returned without his consent as instructed by such person(s) or

The State of Georgia knowing that such search warrant was not in

place or not in order. The Plaintiff did have some form of

identification but was not what the Defendants had in mind so

the Defendants refused to perform the necessary tasks as ordered

by such person(s) and by the State of Georgia without a search

warrant in placed. The Defendants did call the State of

Georgia's Solicitor's office and informed such office or

officers that such tasks cannot be performed. It was at this

time the State of Georgia turned such actions around to say that

Clemmons' Estate v. LabCrop Laboratory Corporation of America, 1440 York
Court Extension, Burlington, NC 27215

1 | the Plaintiff did not show resulting in a fraudulent bench

2 | warrant for failure to appear when the Plaintiff did appear and

3 | was on time for such wrongfully but illegal tasks to be

4 | performed. *(See the attached evidence or statement from the*

5 | *Plaintiff's witness by the name of Premethius FirzGerld Cameron*

6 | *witnessing to the facts that the Plaintiff was there on such*

7 | *date wrongfully ordered by the court).* It was such person(s) and

8 | the State of Georgia who failed to provide the laboratory with

9 | the complete but necessary documentation needed to perform such

10 | illegal withdrawal. The laboratory went along and supported the

11 | wrongful person(s) or State of Georgia's actions or claims

12 | knowing that something was not right or correctly in place to

13 | perform any of their tasks.

14 | On March 3rd, 2003, the Plaintiff allegedly appears in

15 | State Court after discovering an illegal bench warrant was

16 | placed on the Plaintiff after the Plaintiff had been recovering

17 | from a winter illness. The Plaintiff allegedly went into the

18 | court once again trying to resolve the illegal activity by the

19 | State of Georgia's Solicitor office and those who are trying to

20 | make the Plaintiff out to be a criminal in this State where such

21 | alleged crimes were supposedly have taken place.

22 | When the Plaintiff arrived in the State Court the court

23 | allegedly but wrongfully held the Plaintiff in contempt when

24 | such contempt did not have any merit. The Plaintiff was

Clemmons' Estate v. LabCrop Laboratory Corporation of America, 1440 York
Court Extension, Burlington, NC 27215

1   allegedly ordered to go to jail and such jail will be

2   responsible for getting the Plaintiff to the <u>Lab Corp located at</u>

3   <u>1957 Lakeside Parkway, Suite 542, Tucker, GA 30084</u> to perform

4   the same illegal search and seizure attempts as before.

5       The Plaintiff stresses keep in mind, by allegedly placing

6   the Plaintiff in jail for the second time and allegedly taking

7   the Plaintiff to such laboratory to withdraw tangible evidence

8   with <u>force</u> this tactic is <u>no</u> difference from the other attempts

9   when the Plaintiff allegedly did appear without allegedly giving

10  his consent making such actions performed unconstitutional.

11

12      The Plaintiff expresses to the court remember such

13  person(s), the State of Georgia and the State Solicitor's office

14  had well over enough time to gather and administrative the

15  necessary documents to perform a legal search and seizure. They

16  both refused to obey the laws and choose to go above and beyond

17  the laws in doing what they wanted to do in violating the

18  Plaintiff's constitutional rights and it was the laboratory whom

19  witness and agreed to go along with these illegal activities

20  making them an accessory to any crime they witness being

21  committed and going along with the crime making them an

22  accessory to such crime making them as well being responsible

23  for the torts of this crime and illegal activities attached to

24  this crime that has been allegedly been committed.

25

Clemmons' Estate v. LabCrop Laboratory Corporation of America, 1440 York
Court Extension, Burlington, NC 27215

1   The Plaintiff continue to express if this did not happen on

2   such dates the Plaintiff so expresses in this complaint and was

3   allegedly brought in by force while in the custody of the Dekalb

4   County Sheriff's Office and being taken to the laboratory to

5   have performed an illegal search and seizure of the Plaintiff's

6   private parts then this lawsuit will not be in this court today

7   to be argued on what's constitutional and what's not

8   constitutional?

9       Since after these allegedly illegal search and seizure the

10  Plaintiff's rights have been continued to be violated and the

11  Plaintiff has been denied a jury trial per the Plaintiff's

12  initial plea of pleading not guilty and requesting a jury trial.

13      If this complaint is true, this Laboratory has failed to

14  validate such illegal search and seizure and testify on the

15  validation of any testing done and the chain of custody of such

16  testing.

17      Therefore, making such laboratory to be guilty of identity

18  theft, theft by deception and theft by taking, therefore,

19  causing major triggers effects of events to occur and more pain

20  and suffering on behalf of the Plaintiff due to their wrongdoing

21  and illegal acts performed against the Plaintiff.

22      Once again, such person(s) and the State of Georgia used

23  this LabCorp as it scapegoats to allegedly administrate its

24

25

1   wrongdoing for a small fee and continuous contracts to continue

2   to do business such as this for the State of Georgia.

3       Due to the alleged Laboratory wrongful actions and the

4   laboratory failures to informed such person(s) and the State of

5   Georgia of the proper procedures and the right to privacy in

6   preventing further damages. Both the lab, such person(s) and the

7   State of Georgia are fully competence and knowledgeable of

8   crimes, people's rights, human rights and constitutional rights

9   to prevent such crimes as these from being committed upon any

10  person.

11

12      When such person(s), state, staff or employees seek to

13  violate others rights to privacy, the Laboratory committed

14  itself into becoming an accessory to these multiple crimes and

15  damages done or stored upon the Plaintiff to justify actions

16  sought for full damage recovery against such laboratory in the

17  amount of **$10,0000,000.00** (Ten million dollars) for all punitive

18  damages done from these illegal activities by the Defendant

19  (LabCorp).

20      This  relief award should served as the Plaintiff's relief

21  and complete recovery suffered by the Plaintiff concerning all

22  the pain and suffering, the humiliation, embarrassment,

23  emotional distress, resulting from these Defendants illegal

24  tactics and procedures.

25

Clemmons' Estate v. LabCrop Laboratory Corporation of America, 1440 York
Court Extension, Burlington, NC 27215

1   The Plaintiff wishes that such lawsuit will force the

2   laboratory to change its methods, practice, policy and

3   procedures and tactics to prevent further illegal approaches and

4   activities from being performed and administrated on others.

5       The Plaintiff is also seeking full recovery from the

6   laboratory from removing the entire Plaintiff's entire personal

7   information from its database or storage. The laboratory has

8   tangible property or personal substance of the Plaintiff in

9   which the Plaintiff has been informed that such laboratory will

10  hold and store in their procession for seven years. This is well

11  beyond the scope of the law when such lab does not have such

12  sole rights to store anything personal or private that belong to

13  the Plaintiff in its facilities.

14      The validation of this argument is someone between the

15  LabCorp, such person(s) or The State of Georgia is seeking

16  monetary gain from an illegal act such as deceit performed for

17  the sake of money, creating a money crime (money crimes are

18  crimes of burglary, theft, robbery, embezzlement, etc.).

19      The Plaintiff will prove in this court that he did nothing

20  wrong and the Plaintiff did not mislead anyone in any form or

21  fashion creating and performing and element of a crime of

22  deceit. All these actions performed by these individuals and

23  parties involved happen based on the sole purpose of someone who

24  is after something that they cannot get or control that is

Clemmons' Estate v. LabCrop Laboratory Corporation of America, 1440 York
Court Extension, Burlington, NC 27215

1   beyond and above their meaning of controlling creating this

2   lawsuit, causing more problems and causing more hardship to

3   someone especially the Plaintiff for something the Plaintiff

4   played no part in. Someone was hurt and harm here and it sure

5   was not the Defendants in this lawsuit.

6       The Plaintiff expresses if these acts or actions occurred

7   over some other means or claimed to say by the Defendants that

8   their actions are justified. It's not the Plaintiff's fault in

9   performing an act to cause hurt or harm to anyone here.

10      If this illegal search and seizures occurred on the grounds

11  that someone brought someone or a person into this world without

12  the Plaintiff's knowledge or consent for only monetary reason

13  but wishes to place a force or blame upon the Plaintiff to pay

14  for something administrated in an illegal form or fashion by

15  means of deceit. When one look at the law and interpret the

16  actions from the wrongful conduct by many people. It was the

17  Plaintiff who was wrongfully violated and the Plaintiff's

18  constitutional rights being taken away from the Plaintiff. It

19  was not the laboratory. This laboratory cannot say or explain to

20  any court of law that their actions are justified. If they are

21  then provide the proof by means of discovery to be admitted in

22  this court of law.

23      Someone has to pay for these violations and wrongful

24  actions. It should not be the Plaintiff when the Plaintiff did

25

Clemmons' Estate v. LabCrop Laboratory Corporation of America, 1440 York
Court Extension, Burlington, NC 27215

1  noting wrong but others wishes and wants the Plaintiff to be the

2  guilty party.

3      The Plaintiff would not be here if it wasn't for others who

4  are guilty of wrongdoing. If they would not have committed the

5  crimes they have committed to bring the Plaintiff to this point

6  in enforcing this lawsuit for recovery from mental stress, pain

7  and suffering, setbacks and many more there would not be a

8  lawsuit.

9      If one wishes to use the law as its guide then one should

10  not go above and beyond the law in administrating wrongful

11  tactics and procedures. One should stick to the laws so that the

12  laws will take its course in allowing true justice to be

13  performed itself as what the Plaintiff has administrated even

14  though and knowing that his rights had been violated and all the

15  actions performed on him or against him were unconstitutional.

16      Upon the court's summary judgment that such actions

17  performed by the laboratory are unconstitutional the removal of

18  the entire Plaintiff's information should be honored by this

19  court.

20      Therefore, the Plaintiff is requesting the laboratory to

21  provide the court with all certification by means of

22  documentation showing such actions performed by the laboratory

23  is constitutional. Attached with a legal search warrant signed

24  by the court authorizing them to perform the actions they

Clemmons' Estate v. LabCrop Laboratory Corporation of America, 1440 York
Court Extension, Burlington, NC 27215

performed and show authorization and consent forms to hold and store the Plaintiff's private information in its facilities.

Provide the court with legal but consenting forms signed by the Plaintiff. Therefore, authorizing such laboratory (the Defendants) to perform legit testing of the Plaintiff' tangible parts as expressed and stated in this complaint.

If such cannot be provided in a laboratory counsel's response to the court then such lawsuit file in this court should have merit and should be granted in whole but in favor of the Plaintiff.

Upon the motion request to enter discovery the Plaintiff will provide the court with facts to show that the Plaintiff showed up there on two occasions as stated in this complaint without his consent to perform an illegal testing or withdrawal from his personal procession. This information will be entered at the time of Motion to Enter Discovery Request by the Plaintiff if necessary to discredit any attempts or statements saying that the Plaintiff failed to appear.

The Plaintiff will subpoena information in support from Dekalb County showing the Plaintiff's arrest history report as being detained in this facility during the periods of time as expressed in this complaint.

Therefore, this lawsuit should be awarded in whole but in favor for the Plaintiff. The Defendant should be able to provide

Clemmons' Estate v. LabCrop Laboratory Corporation of America, 1440 York Court Extension, Burlington, NC 27215

1  the court with all the days the Plaintiff showed up and explain

2  to the court why such testing were refused to be administrated.

3      The Defendant should be able express to the court that the

4  Plaintiff did not have the proper documentation and the

5  Defendants failure to understand an illegal search and seizure

6  of someone body parts and not having the proper documentation to

7  support their actions. Neither party ever had the Plaintiff's

8  consent to perform any actions on the Plaintiff's body so

9  allegedly claimed.

10                              **II**

11

12      The Plaintiff wishes to maintain and reserve rights to sell

13  story to the public if necessary.

14                             **III**

15      The Plaintiff wishes to add, with the Defendant's actions

16  the Defendants played an accessory to a crime in causing an

17  intentionally, wrongfully but illegal reporting to be done and

18  committed in providing federal agencies wrongful information to

19  cause or could cause the federal government to be liable in

20  causing further damages due to the Defendant's negligence acts.

21  Therefore, causing this agency or laboratory to be in violation

22  or making such a laboratory to be an accessory to being in

23  violation of Federal Regulation 111 ALR, Fed. 295 and 18 U.S.C.A

24  § 1001 (2) (15) (34) when reporting any wrongful information to

25  the federal government that such person as the Plaintiff is

Clemmons' Estate v. LabCrop Laboratory Corporation of America, 1440 York
Court Extension, Burlington, NC 27215

1  guilty of a crime without the proper procedures according to the

2  law the Plaintiff is being accursed of without proper

3  documentation as expressed in this complaint.

4      The Plaintiff expresses to the Court and the Defendants let

5  it be known when considering a motion for summary judgment, it

6  is known that the court must examine all evidence in the light

7  most favorable to the Plaintiff (nonmoving party). I (the

8  Plaintiff) would advise the Defendants and the court to consider

9  case laws such as *Odum v. Smith*, No. CV98127449; *State v.*

10 *Slavny*, 195 Ga. App. 818 (1990), 395 S.E. 2d 56 and *Smith v. Ga.*

11 *Department of Human Resources*, 226 Ga. App.491, 493 (1997),

12 *Department of Human Resources v. Pinter*, 241 GA. App. 10; 525

13 S.E. 2nd 715 (1999) and other related cases showing an intent,

14 with knowledge to neglect. They are: *Biddle v. Commonwealth*,

15 Supreme Court of Appeals of Virginia, 1965. 206 Va. 14, 141

16 S.E.2d 710; *Regina v. Hogan*, Court of Criminal Appeal, 1851. 5

17 Cox C.C. 255; *Regina v. Downes*, Court of Criminal Appeal, 1875,

18 13 Cox C.C. 111; *Jones v. United States*, United States Court of

19 Appeal, District of Columbia Circuit, 1962, 113 U.S. App.D.C.

20 352, 308 F.2d 307. *The Queen v. White*, Court for Crown Cases

21 Reserved, 1871. L.R. 1 C.C. 311; *Rex v. Russell*, Supreme Court

22 of Victoria, 1932, [1933] Vict. L.R. 59.; *Moreland v. State*,

23 Supreme Court of Georgia, 1927, 164 Ga. 467, 139 S.E. 77;

24 *Commonwealth v. Putch*, County Court, Allegheny County,

25 Clemmons' Estate v. LabCrop Laboratory Corporation of America, 1440 York
Court Extension, Burlington, NC 27215

Case 1:06-cv-01536-RCL    Document 1    Filed 08/30/2006    Page 23 of 25.

23

1  Pennsylvania, 1932, 18 Pa.D. & C. 680; _Van Buskirk v. State_, the

2  Court of Criminal Appeals of Oklahoma, 1980, 611 P.2d 271.  As

3  well as the Plaintiff truthful submission of information of

4  reporting other crimes the Plaintiff has witness during these

5  periods of wrongful incarceration by the Defendants as stated by

6  the Plaintiff in pervious section of this complaint which this

7  complaint can set the grounds with other pervious complaint

8  filed in this court by the Plaintiff that can trigger crimes and

9  linkages to similar case such as _Wright v. United States_, 519

10  F.2d 13 (7th Cir. 1975)  and _Gebardi v. United States_, Supreme

11  Court of the United States, 1932, 287 U.S. 112, 77 L.Ed. 206, 53

12  S. Ct. 35 which relates to conspiracy to commit two or more to

13  combine to perpetrate such fraud acts or crimes of deceit such

14  as these stated in this complaint. In order to get to the root

15  of this complaint or courses of events that have transpired we

16  must fully examined these case laws and make such truthful

17  assessments upon reaching a thorough but complete summary

18  judgment.

19     In addition, consider case laws of _Langley v. Adams_

20  _County_, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933). When a

21  moving party (the Defendant) bears the burden of proof at trial

22  is entitled to summary judgment only when the evidence indicates

23  that no genuine issue of material fact exists.

24  Fed.R.Civ.P.56(c); See case law: _Anthony v. United States_, 987

Clemmons' Estate v. LabCrop Laboratory Corporation of America, 1440 York
Court Extension, Burlington, NC 27215

1  F.2d 670,672 (10th Cir.1993). If the moving party (the Defendant)

2  does not bear the burden of proof at trial, it must show "that

3  there is an absence of evidence to support the nonmoving party's

4  (the Plaintiff) case" In this case the nonmoving party (the

5  Plaintiff) has expressed evidence by giving names, dates, times

6  and key information when such request for information was

7  submitted to support the Plaintiff's claim; therefore, case law

8  to consider: *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106

9  S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) holds no merit in this

10 case matter. The Federal Insurance Company under the defendant's

11 Crime Insurance Policy, provided by the Defendant (hereinafter

12 the "Federal Policy", and therefore the Defendant has sustained

13 no loss in this action, nor did the Plaintiff cause any hurt or

14 harm to the Defendant, the Defendant caused this action or

15 judgment upon itself (The LabCorp Agency)*see* Fed. Rules

16 Civ.Proc. Rule 17, 28 USCA and complete understanding of Federal

17 Regulation 111 ALR, Fed. 295 and 18 U.S.C.A § 1001 (2) (15)

18 (34).

19

20

21

22

23

24

25

Clemmons' Estate v. LabCrop Laboratory Corporation of America, 1440 York
Court Extension, Burlington, NC 27215

End of Complaint Submission:

Respectfully Submitted,

/Samuel Clemmons, Plaintiff Pro Se
THE CLEMMONS' ESTATES
**C/O SAMUEL CLEMMONS**
**ATTN: C. OWENS**
2137 SOFT PINE LN
ACWORTH, GA 30132


**CC:** www.usps.com for tracking purposes

LABCORP, LABORATORY CORP. OF AMERICA
        **Express Mail #: EQ 236 247 559 US**
United State District Court of the District of Columbia;
        **Express Mail #: NA**
Records

Clemmons' Estate v. LabCrop Laboratory Corporation of America, 1440 York
Court Extension, Burlington, NC 27215