UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CLEMMONS' ESTATE<br>c/o SAMUEL CLEMMONS,<br><br>    Plaintiff,<br><br>v.<br><br>LABORATORY CORP. OF<br>AMERICA HOLDINGS,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No. 1:06-cv-01536 (RCL)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF DEFENDANT LABORATORY CORPORATION OF AMERICA HOLDINGS IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

  Defendant Laboratory Corporation of America Holdings ("LabCorp") respectfully submits this memorandum in support of its motion to dismiss Plaintiff's Complaint (the "Complaint") pursuant to Fed. R. Civ. P. 12(b)(6).  Even accepting all of Plaintiff's allegations as true and according Plaintiff additional leniency as a *pro se* plaintiff, it is clear that the Complaint fails to set forth any legally cognizable claim against LabCorp.

## I. PRELIMINARY STATEMENT

  On August 30, 2006, Plaintiff filed a rambling, nonsensical, laundry list Complaint against LabCorp, claiming that LabCorp's conduct was both criminally and civilly actionable in many ways, without providing the slightest factual support for the Complaint's conclusory allegations.  For example, Plaintiff charges that LabCorp made false statements, in violation of 18 U.S.C. § 1001, but fails to identify a single LabCorp statement in a matter within the jurisdiction of the federal government; and he accuses LabCorp of libel but fails to identify a single LabCorp statement that he contends was false.

Plaintiff has never served the Complaint. On September 15, 2006, a Federal Express package containing Plaintiff's Complaint and a Civil Summons arrived at a LabCorp building located at 1440 York Court Extension, Burlington, NC 27215. Although this means of delivery does not constitute proper service under Fed. R. Civ. P. 4(h)(1), LabCorp recognizes that Plaintiff is proceeding *pro se* and therefore extends Plaintiff the courtesy of treating this package as a request for waiver pursuant to Fed. R. Civ. P. 4(d)(2). LabCorp agrees to waive service and responds to Plaintiff's Complaint with this Motion to Dismiss. [1]

## II. STATEMENT OF FACTS

Plaintiff's vague allegations not only make it a challenge to deduce the nature of the claims against LabCorp, but are at odds with the notice pleading requirements of Fed. R. Civ. P. 8.[2] The Court has the authority to dismiss Plaintiff's Complaint in its entirety on this ground alone. *Karim-Panahi v. U.S. Congress, Senate and House of Representatives*, No. 03-5186, 105 F.App'x 270, 272-74, 2004 WL 1588167, at *2-3 (D.C. Cir. Jul. 14, 2004) (unpublished decision) (affirming the district court's *sua sponte* dismissal of a *pro se* plaintiff's complaint on the basis that it did not comply with Fed. R. Civ. P. 8); *Brown v. Dalton,* No. 96-5285, 1997 WL

---

[1] LabCorp's waiver of service is one more concession than Plaintiff deserves, notwithstanding his *pro se* status. Samuel Clemmons (also known as Sam Clemmons) is no ordinary *pro se* plaintiff. The public record reflects that he is currently a plaintiff, either individually or on behalf of the undefined "Clemmons' Estate(s)," in at least 13 other cases before the Court. Courts have barred plaintiffs as litigious as Mr. Clemmons from filing any further actions. *See, e.g., Anderson v. D.C. Public Defender Service*, 881 F.Supp. 663, 671 (D.D.C. 1995) (validating, on remand, an injunction enjoining a *pro se* plaintiff from filing any future lawsuits unless he sought and obtained leave from the court to file a complaint because of "the number, content and the effect of plaintiff's repetitive and frivolous complaints, and his profuse and meritless motions"). Although a *pro se* plaintiff may have reason to file numerous lawsuits, each following on the heels of the one before, this case alone makes clear that Mr. Clemmons files lawsuits for any reason or no reason. He sues LabCorp here for doing nothing more than complying with a court order obtained by law enforcement officials that required a paternity test. To give special latitude to a plaintiff like Mr. Clemmons would merely encourage him to continue filing frivolous federal lawsuits at his whim.

[2] Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

362505, at *1 (D.C. Cir. May 5, 1997) (unpublished decision) (where complaint "is so confusing that a defendant cannot be expected to frame a response[,]" dismissal under Fed. R. Civ. P. 8 is appropriate). *See also Flying Tigers Oil Co. v. Flying Tigers Line, Inc.*, 118 F.R.D. 263, 263 (D.D.C. 1988) (dismissing the complaint with prejudice pursuant to Fed. R. Civ. P. 8 and Fed. R. Civ. P. 11, in part because the Court could "discern no principled, clear statement of plaintiffs' claims"). But that is just the beginning of the Complaint's many deficiencies.

As far as LabCorp can deduce, Plaintiff appears to seek redress for the alleged actions of LabCorp in conducting a paternity test on him while he was incarcerated. Although it is clear that he is upset about the paternity test, it is a mystery what he contends LabCorp did that would give him a cause of action against it. His principal complaint appears to be that he was subjected to the test over his objection, but at the same time he alleges that the test was conducted pursuant to court order, after the court heard and rejected his challenges. Complaint at 9-11. The public record reflects that the State Court of Dekalb County, Georgia ordered that Plaintiff be transported to LabCorp "to have the lab work done to determine the paternity of the child [with regard to whom Mr. Clemmons was charged with abandonment]." March 18, 2003 Order, attached hereto as Exhibit 1 ("Ex. 1"). Although the Complaint alludes to numerous claims, many of which are unknown to the law, all of Plaintiff's claims are based on his core allegation that he should not have been subjected to this paternity test – which he alleges LabCorp conducted pursuant to court order. On its face, the Complaint therefore reflects that even if Plaintiff has a grievance about the implementation of this paternity test, his allegations are misdirected, as LabCorp merely was complying with a court order.

### III.  ARGUMENT

**A.    Standard Of Review**

In analyzing whether to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept Plaintiff's allegations as true.  *See, e.g., Phillips v. Bureau of Prisons*, 591 F.2d 966, 969 (D.C. Cir. 1979).  Rule 12(b)(6) requires dismissal of a complaint where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the complaint's allegations."  *Meng v. Schwartz,* 305 F. Supp. 2d 49, 57 (D.D.C. 2004); *see also Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984).  Such is the case here.  Although Plaintiff asserts a barrage of conclusory allegations, the Court must exclude such allegations when evaluating the sufficiency of the Complaint because they are "overbroad and unsupported by specific factual averments."  *Mount v. Baron,* 154 F. Supp. 2d 3, 5 n.1 (D.D.C. 2001) (*citing Pitney Bowes v. U .S. Postal Service,* 27 F. Supp. 2d 15, 19 (D.D.C. 1998)); *see also Nwachukwu v. Rooney,* 362 F. Supp. 2d 183, 191 (D.D.C. 2005) ("While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations.") (*citing Browning v. Clinton,* 292 F.3d 235, 242 (D.C. Cir. 2002));*,Meng,* 305 F. Supp. 2d at 57 ("[For purposes of a Rule 12(b)(6) motion], . . . the court need not accept bald or controverted statements as true").  The Court should instead focus on the facts alleged in the Complaint, which are insufficient to support Plaintiff's claims.

Even if Plaintiff is granted some latitude in pleading because he is proceeding *pro se* – and as explained *supra* at n.1, Mr. Clemmons does not deserve such latitude – that does not entitle him to ignore the Federal Rules of Civil Procedure.  *See Moore v. Agency for Int'l Development*, 994 F.2d 874, 876, 301 U.S. App. D.C. 327, 329 (D.C. Cir. 1993) (noting that although a court "should supply minimal notice of the consequences of not complying with

4

procedural rules" to a *pro se* plaintiff, this "does not constitute a license for a plaintiff filing pro se to ignore the Federal Rules of Civil Procedure") (internal quotation and citation omitted). Similarly, even though Plaintiff is *pro se*, it is not the Court's responsibility to determine which claims Plaintiff desires to pursue. *See Jarrell v. Tisch*, 656 F.Supp. 237, 239 (D.D.C. 1987) (stating that the court cannot be expected "to decide what claims a plaintiff may or may not want to assert").

      **B.**      **The Court Should Dismiss Plaintiff's Statutory and Constitutional Claims For Failure To State A Claim Upon Which Relief Can Be Granted.**

            **1.**      **Plaintiff fails to state a claim under 5 U.S.C. § 552**

If, as the title of the Complaint suggests, Plaintiff is asserting a claim under the Freedom of Information Act ("FOIA"), 5 U.S.C.A. § 552 (1996 & West Supp. 2006), such a claim must be dismissed because LabCorp is not a federal agency. FOIA "requires <u>federal agencies</u> to disclose records that do not fall into one of nine exempt categories." *United States v. Weber Aircraft Corp.*, 465 U.S. 792, 793-94, 104 S.Ct. 1488, 1489-90 (1984) (emphasis added). For purposes of a FOIA claim, an agency "includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." 5 U.S.C. § 552 (f)(1). FOIA establishes no right to the records of a private corporation or entity. *See Broaddrick v. Executive Office of President*, 139 F.Supp.2d 55, 65 (D.D.C. 2001) (noting that FOIA does not give the court jurisdiction "to permit either party to depose … a private citizen [who] was never employed by an 'agency' as defined by the statute"). The Complaint does not and cannot allege that LabCorp, a private corporation, is a government agency, or that FOIA imposes any obligation on it. Accordingly, Plaintiff's FOIA claim, if he is alleging one, does not state an actionable claim.

### 2. Plaintiff fails to state a claim under 18 U.S.C. § 1001

Similarly, Plaintiff's claim under the federal false statement statute, 18 U.S.C. § 1001 (2000 and West Supp. 2006) – if he asserts a claim under that statute – fails to state a claim for two reasons. First, the statute only applies to false statements in a matter within the jurisdiction of the United States. Second, the statute does not confer a private right of action.

The false statement statute is a federal criminal statute that provides, in relevant part:

> Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully—
>
> (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
>
> (2) makes any materially false, fictitious, or fraudulent statement or representation; or
>
> (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;
>
> shall be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism (as defined in section 2331), imprisoned not more than 8 years, or both.

18 U.S.C. § 1001(a). Its plain language makes clear that it concerns false statements "within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States," not to false statements in a matter within the jurisdiction of State and local governments. Plaintiff does not allege that LabCorp made any false statements in a matter within the jurisdiction of the United States; indeed, Plaintiff alleges no involvement at all by the federal government, and never identifies any statement that he contends was false.

Moreover, even if the Complaint alleged that LabCorp made a false statement within the jurisdiction of the United States, he still could not maintain a claim against LabCorp under 18

6

U.S.C. § 1001.  The law is clear that the statute does not establish a private right of action.  *See, e.g., Federal Sav. and Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 138 (4th Cir.1987) (holding that federal criminal statutes generally should not be interpreted to confer a civil cause of action); *Daniels v. American Postal Worker Union*, 167 F.Supp.2d 999, 1003 (N.D.Ill. 2001) (granting a motion to dismiss an 18 U.S.C. § 1001 claim because "[n]othing in that criminal statute provides for a private right of action or provides civil remedies for a private person affected by any such statements"); *Williams v. McCausland*, 791 F.Supp. 992, 1001 (S.D.N.Y. 1992) (dismissing an 18 U.S.C. § 1001 claim on the basis that "[n]o private right of action is provided under this statute").  Accordingly, Plaintiff has no standing to bring a claim pursuant to 18 U.S.C. § 1001.

### 3. Plaintiff fails to state a Fourth Amendment claim

If Plaintiff intends to assert a claim under the Fourth Amendment of the U.S. Constitution, that claim suffers from an obvious deficiency: LabCorp is not a state actor and the Fourth Amendment has no application to it.  Reading Plaintiff's Complaint generously, it appears to accuse LabCorp of violating Plaintiff's right to be free of illegal searches and seizures, a right guaranteed by the Fourth Amendment.  To establish a violation of this Constitutional right, however, Plaintiff would need to plead state action.  *See Woodward & Lothrop v. Hillary*, 598 A.2d 1142, 1145 (D.C. 1991) (acknowledging that "state action" is required to invoke the Fourth Amendment).  Plaintiff has failed to allege state action,[3] and his Fourth Amendment claim therefore fails.

---

[3] Plaintiff's allegation that LabCorp receives funding from the state and federal governments (Complaint at 1) is insufficient to plead state action.  *See Blum v. Yaretsky*, 457 U.S. 991, 1011, 102 S.Ct. 2777, 2789 (1982) (concluding, for purposes of a constitutional law claim, that nursing homes discharging or transferring Medicaid patients to decreased care levels did not constitute state action despite "state subsidization of the operating and capital costs of the facilities, payment of the medical expenses of more than 90% of the patients in the facilities, and the licensing of the facilities by the State").

### C. The Court Should Dismiss Plaintiff's State Law Claims For Failure To State A Claim Upon Which Relief Can Be Granted.

Plaintiff's state law claims of theft and fraud are governed by Georgia law. Under District of Columbia choice of law principles, a tort claim is governed by the law of the state that has the most "substantial interest" in the outcome of the litigation. *See, e.g., Nnadili v. Chevron U.S.A., Inc.*, 435 F.Supp.2d 93, 97-98 (D.D.C. 2006). The relevant factors to be considered in a choice of law analysis are: "(1) the place of injury; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, place of incorporation and place of business of the parties; and (4) the place where the relationship between the parties is centered." *Id*. (*citing* Restatement (Second) of Conflict of Laws § 145(2) (1971)). The application of these factors to Plaintiff's claims could not be more straightforward and clearly supports the conclusion that Georgia law applies.

Plaintiff allegedly suffered injury in Tucker, Georgia, when LabCorp conducted a paternity test on Plaintiff at a LabCorp facility located there. Complaint at 1. Although LabCorp is incorporated in Delaware and headquartered in North Carolina, neither of these states have any connection to this case.[4] Finally, Plaintiff and LabCorp's relationship is centered in Georgia, as there are no allegations of any interactions between the parties outside of the state. Georgia law therefore governs Plaintiff's state law claims of theft and fraud.

---

[4] The relevant facts, as alleged in the Complaint, begin with Plaintiff's arrest in Georgia, on Georgia criminal charges. Complaint at 8-9. Proceedings followed in the State Court of Dekalb County, Georgia. The heart of Plaintiff's claim is his allegation that the Georgia court erred in ordering that he submit to a paternity test – an order that followed a hearing at which his counsel was fully heard and his arguments rejected. *Id.* at 9-11. He complains of the subsequent drawing of his blood pursuant to the order and the performance of the paternity test at a LabCorp facility located in Tucker, Georgia. *See* Complaint at 1.

### 1.     Plaintiff fails to state a claim for theft

Plaintiff makes the conclusory argument that LabCorp committed identity theft, theft by deception, and theft by taking. As an initial matter, it is unclear whether a civil cause of action can be maintained for such claims under Georgia law. *See Ali v. Fleet Finance, Inc. of Georgia*, 232 Ga.App. 13, 13, 500 S.E.2d 914, 915 (Ga.App. 1998) (dismissing claims on summary judgment "in light of the fact that [the plaintiff] failed to offer any authority on which to premise the civil claims for theft by taking and theft by deception/conversion, or any evidence in support thereof").

Regardless, Plaintiff fails to allege facts that could support a theft claim. The supposed "theft" is the paternity test itself; according to Plaintiff, LabCorp went "above and beyond the law in administering force to remove private substance from a person body without having the proper legal documentation to justify their actions performed." Complaint at 7. Specifically, after the state sought and obtained, over Plaintiff's objection, a court order permitting it to draw blood and perform a paternity test, LabCorp complied with the court's order, drew the blood, and performed the test. *Id.* at 9-11 ("Therefore, the Plaintiff and the Plaintiff's attorney allegedly argued and disagreed not to consent to any blood testing without a state validated search warrant into the Plaintiff allegedly private property that is the Plaintiff's body."). Plaintiff contends that LabCorp is liable for this "theft" of his blood because "[i]t was . . . the State of Georgia and the LabCorp whom choose to apply force to go into the Plaintiff's private parts without validation through legal but proper documentation." *Id.* at 11.

A laboratory's drawing of blood for a paternity test pursuant to court order is not theft – theft by taking, theft by deception, theft of identity, or any other sort of theft – under the law of any state. Even assuming that drawing blood could somehow be theft, drawing blood pursuant

9

to the order of a court of competent jurisdiction is by definition an authorized taking, not a theft. Plaintiff's resentment of the state court's order requiring that blood be drawn and a paternity test conducted does not give him a theft claim against LabCorp; the claim can be rejected out of hand.

Finally, even if Plaintiff were able to state a claim for civil theft recognized by Georgia law, Plaintiff's claims would be time-barred. Plaintiff seeks to recover for personal injury – the "theft" of his blood. The underlying events took place in 2003; Plaintiff appeared in Georgia court on March 3, 2003, and the paternity test was ordered to be conducted on March 26, 2003. Complaint at 13; Ex. 1. Under Georgia law, the statute of limitations is two years for a personal injury claim. *See* Ga. Code Ann. § 9-3-33. The Complaint was required to be filed in 2005, but Plaintiff waited until August 2006 – more than three years after the court ordered that his blood be drawn for a paternity test. Similarly, to the extent that Plaintiff's claims are alleging libel, they are more than two years late, as Georgia law provides that actions seeking to recover for "injuries to the reputation…shall be brought within one year after the right of action accrues." Ga. Code Ann. § 9-3-33.

In short, Plaintiff does not allege a viable theft claim of any sort against LabCorp, nor could he.

    2.    **Plaintiff fails to state a fraud claim**

Under the guise of a fraud claim, Plaintiff attempts to appeal the Georgia court's order requiring a paternity test – in a federal court in another jurisdiction – by alleging that it was "fraudulent" for the State of Georgia to claim that the test was properly ordered. Complaint at 11 ("Such person(s) or the State of Georgia allegedly claims that such test was ordered properly which is fraudulent."). Plaintiff does not contend that LabCorp fraudulently misrepresented the

nature of the court's order, or that there was no court order.  Rather, he alleges that the fraud was the representation – by the State or "such person" – that the order was proper.  In short, he seeks to recover damages from LabCorp because he contends that the order of a state court, after hearing and rejecting his arguments, was not "properly ordered."

Georgia law defines fraud similarly to other states.  "The tort of fraud has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff."  *Crawford v. Williams*, 258 Ga. 806, 806, 375 S.E.2d 223, 224 (Ga. 1989).  *See also Ledford v. Smith*, 274 Ga.App. 714, 721, 618 S.E.2d 627, 634 (Ga.App. 2005); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1369 n.39 (11th Cir. 1997).  As Plaintiff has not alleged that LabCorp has made a false representation, it is clear that Plaintiff has not even come close to alleging a single one of these elements, much less all of them.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed in its entirety, with prejudice, for failure to state a claim upon which relief can be granted.

Dated: November 14, 2006   Respectfully submitted,

/s/ Holly A. Pal
Holly A. Pal (D.C. Bar No. 490737)
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W.
Washington, D.C. 20036
202-778-1855 (telephone)
202-822-8106 (facsimile)

Martin S. Himeles, Jr.
*Pro hac vice* pending
ZUCKERMAN SPAEDER LLP
100 E. Pratt St., Suite 2440
Baltimore, MD 21202
410-949-1144 (telephone)
410-659-0436 (facsimile)

*Counsel for Defendant*
*Laboratory Corporation of America Holdings*

**CERTIFICATE OF SERVICE**

I certify that on November 14, 2006, the foregoing Memorandum of Defendant Laboratory Corporation of America Holdings In Support of Its Motion to Dismiss Plaintiff's Complaint was served upon Plaintiff, a non-CM/ECF participant, via first class mail, postage pre-paid as follows: The Clemmons' Estate, c/o Samuel Clemmons, Attn: C. Owens, 2137 Soft Pine Ln., Acworth, GA 30132.

/s/ Holly A. Pal
Holly A. Pal (D.C. Bar No. 490737)
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W.
Washington, D.C. 20036
202-778-1855 (telephone)
202-822-8106 (facsimile)