# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CLEMMONS' ESTATE<br>c/o SAMUEL CLEMMONS<br><br>     PLAINTIFF<br>vs.<br><br><br>LABCORP, LABORATORY CORP. OF<br>AMERICA HOLDING<br><br>DEFENDANT | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CIVIL ACTION NO:**<br><br>1: 06CV01536 (RCL)<br><br><br><br>RECEiVED<br><br>DEC 5 – 2006<br><br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

## PLAINTIFF'S OPPOSITION AGAINST THE DEFENDANT'S MOTION REQUEST TO DISMISS WITH PREJUDICE AND PLAINTIFF'S FIRST REQUEST FOR ADMISSION, SET OF INTERROGATION, AND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS PROPOUNDED TO DEFENDANT

**Come now** the Plaintiff files this opposition motion request against the Defendant's motion request to dismiss with prejudice. The Plaintiff states for the record after reading the Defendant's Counsel Motion request expressing the Plaintiff failed to state or mention any claim upon which relief can be granted is not true. In the Plaintiff's initial complaint the Plaintiff clearly expresses for the Defendant to remove any and all record of storing the Plaintiff allege blood, fingerprints or confidential but private information in a database or storage they (the Defendants) claim to have expressed by their employee that such will be stored over a period of seven years which is a violation of the Plaintiff's constitution rights in addition to submit a report of an apology to the State of Georgia, this Court and the Plaintiff apologizing for the Defendants unethical behavior for performing an illegal search and seizure into the Plaintiff's allege body

that you have failed to testify after such illegal arrest in any court of law in nature to your illegal discovery and revealing the chain of custody of such discovery giving date and time to see if such are in compliance with the date and time of any or such Court's orders.

The Defendant's Counsel should express to such parties that this illegal attempt to obtain such tangible property that belong to the Plaintiff's Estate was without the proper procedures according to the law and constitution of the United States of America. It was without any probable cause and without a validated search warrant to go into anyone personal but private procession or place without a person's consent is not justifiable and does not warrant a dismissal from any civil damages or recovery. The Defendant's Counsel must submit in writing and before the Plaintiff that it will change it practices in making sure going forth that any Court' order will be accommodated with a valid but certified search warrant if such person is in the custody of any law enforcement agency. Therefore in this paragraph alone the Plaintiff has demonstrate and has clearly expressed according to Rule 8 which requires a short and plain statement of the claim showing that the pleader is entitled to relief according to Fed. R. Civ. P. 8(a)(2).

Therefore, the Plaintiff moves forth in expressing to this honorable court the Defendant's Counsel Failures in not granting the Defendant's Counsel motion request to dismiss. They are as follows:

1. The Defendant's Counsel failed to express or establish alterative means where such case can be possible settled outside the rims of this Court.

2. The Defendant's Counsel failed to admit any wrongdoing even though much does not exist in the Defendant's Counsel Favor.

3. The Defendant's Counsel failed to acknowledge that such false statements were made by the Defendant at the time of such allege claim that the Plaintiff is

Clemmons' Estate v. LabCorp Laboratory Corporation of America, 1440 York Court Extension, Burlington, NC 27215

somehow connected to the State's Witness when the State of Georgia does not have a legit witnesses to justify their activities or false charges of activities of Abandonment.

4.  The Defendant's Counsel failed to explain to the Court what makes this case or case matter not to be in violation of the federal laws and wrongfully reporting under Fed. R. Civ. P. 12(b)(6) is that such activity was conducted illegally and without just cause even though employees of the State of Georgia put together false documents, statements and performed many illegal activities by reporting such wrongful crime which Labcorp played a major part to many sectors of the illegal reporting of such false charge of Abandonment to the federal government and federal authorities. This activity alone is in violation of 18 U.S.C. § 1001.

5.  The Defendant's Counsel failed to prove such search warrant was or is attached to the illegal Court document presented by the Dekalb County Court and the Dekalb County Sheriff Department.

6.  The Defendant's Counsel failed to provide any documentation that such illegal search into the Plaintiff's Estate took place on March 26th, 2003 @ 9:00 a.m. to validate such Court's orders and instructions. Therefore, the chain of custody form should violate such date and time.

7.  The Defendant's Counsel failed to acknowledge that from November, 2001 until March 26, 2003 @ 9:00 a.m. which is approximately 515 days to obtain a legit arrest warrant and a search warrant and to be held illegally captive against the Plaintiff's will on March 3rd, 2003 until March 26, 2003 which is approximately 23 days to be held for something the Plaintiff knew nothing about nor can the

Defendants justify good cause shown to justify their actions before this honorable court. Twenty-three days or more is enough time and days to obtain a search warrant according to the constitution and according to *State v. Slavny*, 195 Ga. App. 818 (1990), 395 S.E. 2d 56 . This activity alone should reveal to any court of law that such activity was unethical and not professional according to any laws of the state. Therefore, such order without the proper documentation attached is merit less and should be excused from the record.  It clearly shows the Defendant's Counsel is representing and trying to defend something or some person who had not right to strip the Plaintiff's rights to justice and the Plaintiff's rights of liberty and pursuit of happiest according to the Constitution of the United States of America.

8.  The Defendant's Counsel failed to see that such process or dealing with the State of Georgia was a rambling, nonsensical and very confusing therefore justifying why such Defendant's Counsel received the same as expressed about the Plaintiff's complaint to the Court by the Defendant. Now that the Defendant's Counsel is here. It is the Defendant's Counsel Duties and responsibilities to un-ramble and make such complaint and Defendant's response nonsensical and not confusing but in accordance with the law by providing this honorable court substantial evidence to justify their defense and response to this honorable court.

9.  The Defendant's Counsel failed to acknowledge and mention before this honorable court other attempts made by the Plaintiff and the Plaintiff's Attorney whom is or was a female and not a male to resolve such issue by showing up on two occasions prior to this illegal tactic. It was the Defendant (LabCorp) who

refused to carry out such illegal act due to such search warrant was missing and was not in order according to any court of law. The Plaintiff will issue facts to support this statement in the Plaintiff's Motion Request to Enter Discovery.

10. The Defendant's Counsel failed to explain the differences in dates from June 3, 2002, July 25, 2002, August 26, 2002 and October 27, 2002 where the defendant failed to administrate such same performance on such specified dates and what makes March 26, 2003 @ 9:00 a.m. date in the Defendant's Counsel's record to be any difference from the other dates?

11. The Defendant's Counsel failed to express what date such expert witness testified in court concerning the validity of such blood or alleged claim DNA that cost the State of Georgia approximately $ 120.00 to justify a crime of Abandonment as expressed and stated by the Defendant's Counsel. The Plaintiff was never tried or convicted after such illegal arrest and entering a plea of not guilty and requesting a jury trial then such statement the Defendant's Counsel expressed and used for the record is without merit. A crime of Abandonment is not justified when such parties do not know one another (See case number 1:06CV01285 RCL) without a witness you have nothing and neither the State of Georgia and the Defendant has a witness to justify their actions pending in this court of law.

12. The Defendant's Counsel failed to mention or state that such lawsuit is not a paternity issues but a crime of blackmail, robbery, burglary, theft, etc. (money crimes) as such crime has already been proven by the Plaintiff in the cases pending before this honorable court. This was a crime to promote welfare and not workfare which is a crime that I totally disagree with, which may have played a major factor in placing the plaintiff in this court of law. Now this is my work this is my job in this Court of law to promote workfare and not welfare by filing this

Clemmons' Estate v. LabCorp Laboratory Corporation of America, 1440 York Court Extension, Burlington, NC 27215

lawsuit for damages recovery from criminal minded individuals who have tried to place wrongful crimes against me (the Plaintiff).

13. The Defendant's Counsel failed to realize that their profits are generated off the State of Georgia by promoting under-class development to bring more profits into the State of Georgia off Federal and States funds. This is a criminal element promoting embezzlement and doing un-justice to society as a whole in promoting and doing unethical events such as this which the Defendant's Counsel is trying to defend the wrongdoing of such client in trying to turn a non-criminal minded person into a false label as a state criminal.

14. The Defendant's Counsel failed to explain or elaborate that its not the Plaintiff's responsibility to state wrongdoing or express wrongdoing upon anyone own actions in which such person should know the law because ignorance of the law is no excuse and if one chooses to step outsides the line of the law then that person or business should be willing to accept the responsibility of wrongdoing and be willing and able to accept such punishment or fine impose upon such person or business through such court's actions as they are imposed upon the Defendant in this lawsuit in this honorable court.

15. The Defendant's Counsel failed to mention or compare such order with an employer order or request for a drug test in which both has to have such person consent except in the time of an arrest. If such arrest occurred the Court is required by law to obtain a search warrant to justify action of forceful withdrawal. If such is not order or complete then it clearly is a problem of the Privacy Rights violation under the Freedom of Information Act and Privacy Act. Once again see case law *State v. Slavny*, 195 Ga. App. 818 (1990), 395 S.E. 2d 56.

16. The Defendant's Counsel failed to acknowledge that if the State of Georgia is in violation of the Plaintiff's constitutional rights under the Article 1 Bill of Rights, paragraph IV, V, VI, VII, XI, XII, XIII, and XIV then the Defendant is too in violation for playing a part in this illegal activity making them to be an accessory to crimes committed against the Plaintiff such actions were pleaded by the Plaintiff against the State of Georgia in which such state is now in default for failing to appear and defend such lawsuit against them which should in turn make the Defendant (LabCorp) not to be any different in their pleading before the Court in an attempt to paint a wrongful picture that their actions, part or play is justified. *"Three wrong does not make one to be right."*

17. The Defendant's Counsel mention other cases the Plaintiff had legit rights to file against others for wrongdoing just as this complaint filed against the Defendant for wrongdoing even though the Defendant failed to request proper documentation by the State of Georgia to perform its search or performed its action. The Defendant failed to elaborate as to why the State of Georgia failed to appear to justify their actions performed on the Plaintiff (See case number 1:06CV01657 RCL). If the State of Georgia has admitted to wrongdoing by the document provided to this honorable court by their Defendant's Counsel. Should the Defendant's Counsel admit to the same?

18. The Defendant's Counsel also failed to comment or elaborate on other cases in which he or she wishes to express anger about that are pending in this court that maybe the Defendant continues to play apart in further wrongdoing. This honorable court does know that such case numbers such as 1:06CV01285 (RCL) and 1:06CV01657 (RCL) are link to the Defendant and both case are now in default for failure to appear and to defend such action imposed against them. Now

the Plaintiff question the Defendant once again…Should two wrong make one right? The Defendant's Counsel should continue to place and focus more attention on such case law of *Odum v. Smith*, No. CV98127449; *State v. Slavny*, 195 Ga. App. 818 (1990), 395 S.E. 2d 56 and Smith v. Ga. Department of Human Resources, 226 Ga. App.491, 493 (1997), *Department of Human Resources v. Pinter*, 241 GA. App. 10; 525 S.E. 2nd 715 (1999) and *The State of Georgia v. Vernon Jones (CEO)* to gather a full but fail understanding of this lawsuit.

19. The Defendant's Counsel expressed Statue of Limitations has exhausted and expired itself from the Plaintiff's seeking damage recovery. The Plaintiff states that such statue of limitation has not exhausted itself in this complaint when the Plaintiff has been arrested three times on the same charge and still has not been tried in any court of law and all three arrests are link to the LabCorp's false statements and finding on March 22, 2002, March 3, 2003 and June 5th, 2006. All three arrest record will be provided to the Defendant during the Plaintiff's Motion Request to Enter Discovery. Therefore, the Defendant's claim on page # 10, paragraph # 2 holds no merit. Therefore, the Defendant's Counsel failed to elaborate or provide further documentation concerning the arrest on June 5th, 2006 which is in connection the Defendant's illegal activities.

The Defendant's Counsel expressed in its response to the court that the Plaintiff filed a rambling, nonsensical, laundry list Complaint against LabCorp, claiming that LabCorp's conduct was both criminally and civilly actionable in many ways without providing the slightest factual support for the Complaint's conclusory allegation. The Plaintiff express to justify the Plaintiff's complaint the Plaintiff requests the Defendant's Counsel to turn over such concrete documentation justifying an arrest of the Plaintiff.

Clemmons' Estate v. LabCorp Laboratory Corporation of America, 1440 York Court Extension, Burlington, NC 27215

20. The Defendant's Counsel failed to provided any and all police reports from the Atlanta Sheriff Department and the Dekalb County Sheriff Department, any citations issued, any U.S. Marshall Service upon the Plaintiff, any Affidavit of Service served upon the Plaintiff to appear in any court of law concerning fraudulent charges of Abandonment any application for a warrant for arrest or search warrant, etc.. If there was an application for an arrest it should be in the record attached with an application for a search warrant to justify the Court's actions in the Defendant's Counsel attached order from the Dekalb County Court. One cannot do or be performed without the other. All these failures should justify the Plaintiff's claim under 18 U.S.C. § 1001 and relief can only be granted through complete removal of the Plaintiff's personal but private property and information from any database and by means of thorough but complete compensation due to these failures to perform and carry out duties according to the United States Constitution in many attempts to cause continue harassment embarrassment and humiliation upon the Plaintiff. Once again, the Plaintiff has expressed relief in accordance with Rule 8 of the Fed. R. Civ. P. 8(a)(2).

The Defendant's Counsel mentions various case laws in which he or she wishes the Court to consider. The Plaintiff too continue to add various case laws that the Defendant's Counsel should consider and they are as follow and upon considering these case laws the Plaintiff expresses to the Defendant's Counsel and the Court that he did not cause this upon anyone they cause these filing upon themselves. If the Defendant's Counsel cannot turn over appropriate documentation, it will now be proven that the Plaintiff's Constitution rights were violated and if the Plaintiff does not or did not exercise his rights under the constitution then those who violated

Clemmons' Estate v. LabCorp Laboratory Corporation of America, 1440 York Court Extension, Burlington, NC 27215

such rights will continue to violate the Plaintiff's rights in an attempt to destroy or continue to humiliate the Plaintiff in many ways beyond this lawsuit filed by the Plaintiff. That's why those multi lawsuit the Defendant's Counsel expressed exists and they are all valid complaints with merit before this Court. The Plaintiff wishes for the Defendant's Counsel to keep in mind, it's not the Plaintiff's fault that those who choose to steal or violates the laws chose to do or did what they did. The Plaintiff is only doing what is right to get those violators off the Plaintiff's back and away from the Plaintiff for complete relief according to the proper Due Process of law. In addition to the Defendant's Counsel unnecessary cries or complaint of the Plaintiff's repetitive and frivolous complaints in many attempts to mislead the Court into considering barring the Plaintiff when the Plaintiff is not only filing complaint for relief but helping out this country in identifying unethical behavior and conduct so that this country can and will be better protected by removing law violators from various sector of the government and those that exists in the communities in which we live so that such country will not continue to place itself in damage by violating those who just don't understand and know their rights in a proper manner to fight back.

The Plaintiff's complaints that are pending in this honorable court are only complaints with merit and complaints that have been proven by the Plaintiff that these violators are criminal minded individuals. The Plaintiff say to the Defendant's Counsel if the Plaintiff never chose to fight back and defended against such unethical activity then how will the Plaintiff ever be able to recover and move on in life? Some of these criminals have made statements in the Federal record...that if the Plaintiff worked they will continue to harass the Plaintiff by multi lawsuits against the Plaintiff. If the Plaintiff don't work or pay them they will continue to harass the Plaintiff by means of lawsuits against the Plaintiff. If the Plaintiff attempts or seek employment within the Federal Government, they will see that the Plaintiff's character be destroyed by their

unethical behavior that the Plaintiff was not suppose to be able to identify and know. Therefore,

it was these criminal minded individuals who knows nothing about the Plaintiff but sought many

ways in attempts to mislead others in many attempts to destroy the Plaintiff and it was they who

worked their way on the Defendant to place the Defendant in this lawsuit that is now pending in

this honorable court for compensation and relief according the Plaintiff's simple demands

requests under Rule 8 [1]

    The Plaintiff can say and express to the Court and the Defendant's Counsel and the Court

should agree... The Court now knows <u>everything</u> about the Plaintiff. The Plaintiff is not hiding,

withholding or misleading anything from the Court. The Plaintiff has been fully but fairly in

expressing such claims with integrity. The Plaintiff now ask the Defendant's Counsel make the

Court know that the Defendant (LabCorp) too knows the Plaintiff by providing the appropriate

but proper necessary documentation to validate the Defendant's actions in Defendant

involvement and partnering in this crime with the State of Georgia and whoever else you are in

connection but in relation to other lawsuit pending in this honorable court filed by the Plaintiff.[1]

[1]

    The Plaintiff stresses, show this Court that the Defendant fully but clearly knows the

Plaintiff.[2]  If Defendant's Counsel can do so in the Defendant's Counsel next response within

---

[1] The U.S. District Court has validated the Plaintiff's complaint with merit by assigning a valid case number against those who are in violation of many laws within our government and the society in which we live and the Plaintiff has entered enough discoveries to justify such complaints.  What makes these complaints or the complaint against you (the Defendant) outrageous or frivolous? Should your activities conducted be outrageous and frivolous when you cannot establish any case laws to justify your activities or actions?

[2] Plaintiff say and express to the Defendant's Counsel it's not right to judge someone when you cannot show confirmed facts that you know the person you wish to make false gestures about. The Plaintiff challenges the Defendant's Counsel to provide substantial documentation that you know the Plaintiff according to your alleged actions or activities to team with the State of Georgia and the State of Georgia's witnesses.

<u>Clemmons' Estate v. LabCorp Laboratory Corporation of America, 1440 York Court Extension, Burlington, NC 27215</u>

**30 days** in turning over legit discovery then I (the Plaintiff) will say that I (the Plaintiff) will drop this lawsuit and never seek to file such actions again!  Now I (the Plaintiff) challenge you (the Defendant and Defendant's Counsel) to make this honorable court know me (the Plaintiff) and justify all your (Defendant's Counsel) actions in making such rambling, nonsensical, but laundry list response to the Court. [2]

The Plaintiff asks the Defendant's Counsel to think about this...What if someone broke into your home and humiliate and assaulted you who were employees of any local, state of federal government by way of trying so hard and desperately to frame you or blackmail you into many attempts to make you a criminal or trying to make sure they see that you have a criminal record so that a certain segment of the criminal justice system can control you in anyway possible. What if someone ordered someone to take something from you without your consent or appropriate documentation and they took it anyway without your permission. How would you feel? Would you just let it go after many illegal but wrongful attempts to destroy your life and careers? Would you say to yourself that such activity was right and it was acceptable and agree to move forth to making the society we live in a communist society? I don't think so and I sure don't hope so.  That's why your (Defendant's Counsel) selfish requests of motions to dismiss should not be granted and if you (Defendant's Counsel) wish to continue you (Defendant's Counsel) can justify your actions performed according to your orders given then you should do so before a jury, expressing and stating your claim under the proper Due Process of Law in this case pending before this Court.

The Defendant's orders should clearly show you and tell you that something is not right or proper but it was your client who went along with it therefore making such agency (the Laboratory Corporation of America Holding) fully responsible and liable for this lawsuit pending

Clemmons' Estate v. LabCorp Laboratory Corporation of America, 1440 York Court Extension, Burlington, NC 27215

in this honorable court. The both of you are saying regardless of the issues or circumstances we are going to hold the Plaintiff to this and we are going to force such label on the Plaintiff so that the Plaintiff will never be able to work or perform in the society in which we live. That's a criminal minded approach when you don't have the supportive evidence to support your action.

Criminal are not made, criminal are born. Would you agree? Now prove to this honorable court what I (the Plaintiff) did was wrong or show this honorable court that the Plaintiff performed an intentionally act with malice that will show and prove to this Court that I (the Plaintiff) am a criminal and that this complaint should be dismissed with or without prejudice.

The Plaintiff say to the Defendant's Counsel don't blame anyone but your clients for such actions that you are now in court trying to defend and argue. It should now clearly show a violation of the Plaintiff's constitutional rights under the proper Due Process of Law.

It's ashamed for anyone to see or hear about this element of this lawsuit that is clearly saying that a man cannot work and if a man does work he is still a big subject factor to becoming arrested and sued without any probable cause to justify an arrest and if such man seeks or sought relief through the courts, that man will still be slammed with obnoxious comments from people such as the Defendant's Counsel talking, claiming and expressing abusive lawsuits when such person is only defending his reputation and character against law violators.

The Plaintiff will enter Discovery against the Defendant's Discovery to establish a better base against the Defendant's Counsel Motion for dismissal with prejudice.

Therefore, in the meantime the Defendant's Counsel can review such case laws provided and so clearly stated and expressed by the Plaintiff to counterattack the Defendant's Counsel Order attached in the Defendant's Counsel Response to the Court.

Clemmons' Estate v. LabCorp Laboratory Corporation of America, 1440 York Court Extension, Burlington, NC 27215

## ENLARGEMENT OF TIME REQUEST BY THE PLAINTIFF

The Plaintiff is now requesting an enlargement of time to gather supportive documentation against the Defendant's Counsel Requests and to enter such supportive documentation in the Plaintiff's Motion Request to Enter Discovery within <u>30 days</u> after receipt of the Plaintiff's opposition and Motion to Interrogate the Defendants and the Defendant's Counsel.

## PLAINTIFF'S REQUESTS THE COURT AND THE DEFENDANT'S COUNSEL TO CONSIDER SUCH CASES UPON JUDGMENT:

Therefore, the Plaintiff wish to add, When considering a motion for summary judgment, it is known that the court must examine all evidence in the light most favorable to the Plaintiff (nonmoving party). The Plaintiff wishes for the court to consider case laws to support the Plaintiff's complaints which are *State of Georgia v. Vernon Jones (CEO)*, *Odum v. Smith*, No. CV98127449; *State v. Slavny*, 195 Ga. App. 818 (1990), 395 S.E. 2d 56 and Smith v. Ga. Department of Human Resources, 226 Ga. App.491, 493 (1997), *Department of Human Resources v. Pinter*, 241 GA. App. 10; 525 S.E. 2nd 715 (1999) and other related cases showing an intent, with knowledge to neglect. They are: *Biddle v. Commonwealth*, Supreme Court of Appeals of Virginia, 1965. 206 Va. 14, 141 S.E.2d 710; *Regina v. Hogan*, Court of Criminal Appeal, 1851. 5 Cox C.C. 255; *Regina v. Downes*, Court of Criminal Appeal, 1875, 13 Cox C.C. 111; *Jones v. United States*, United States Court of Appeal, District of Columbia Circuit, 1962, 113 U.S. App.D.C. 352, 308 F.2d 307. *The Queen v. White*, Court for Crown Cases Reserved, 1871. L.R. 1 C.C. 311; *Rex v. Russell*, Supreme Court of Victoria, 1932, [1933] Vict. L.R. 59.; *Moreland v. State*, Supreme Court of Georgia, 1927, 164 Ga. 467, 139 S.E. 77; *Commonwealth v. Putch*, County Court, Allegheny County, Pennsylvania, 1932, 18 Pa.D. & C. 680; *Van*

Clemmons' Estate v. LabCorp Laboratory Corporation of America, 1440 York Court Extension, Burlington, NC 27215

1 | _Buskirk v. State_, Court of Criminal Appeals of Oklahoma, 1980, 611 P.2d 271. As well as the

2 | Plaintiff truthful submission of information of reporting other crimes the Plaintiff has witness

3 | during these period of wrongful incarceration by the Defendant as stated by the Plaintiff in

4 | pervious section of this complaint which this complaint can set the grounds with other pervious

5 | complaint filed in this court by the Plaintiff that can trigger to similar case such as _Wright v._

6 | _United States_, 519 F.2d 13 (7th Cir. 1975)  and _Gebardi v. United States_, Supreme Court of the

7 | United States, 1932, 287 U.S. 112, 77 L.Ed. 206, 53 S. Ct. 35 which relates to conspiracy to

8 | commit two or more to combine to perpetrate such fraud acts or crimes of deceit such as these

9 | stated in this complaint.

10 |

11 |      In additional the Plaintiff would advise the Defendants to consider case laws _Langley v._

12 | _Adams County_, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933) when coming forth with an

13 | answer to this complaint against them and let it be well known when a moving party (the

14 | Defendant) bears the burden of proof at trial is entitled to summary judgment only when the

15 | evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P.56(c); See case law:

16 | _Anthony v. United States_, 987 F.2d 670,672 (10th Cir.1993). If the moving party (the Defendant)

17 | does not bear the burden of proof at trial, it must show "that there is an absence of evidence to

18 | support the nonmoving party's (the Plaintiff) case" In this case the nonmoving party (the

19 | Plaintiff) has expressed evidence to support the Plaintiff's claim; therefore, case law to consider:

20 | _Celotex Corp. v. Catrett_, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) holds

21 | no merit in this case matter. The State and Federal Insurance Company under Crime Insurance

22 | Policy No, provided by the Defendant's Professional Liability Policy is appropriate (hereinafter

23 | the "State and Federal Policy", and therefore the Defendants have sustained no loss in this

24 | action, nor did the Plaintiff cause any hurt or harm to the defendants, the Defendants caused this

Clemmons' Estate v. LabCorp Laboratory Corporation of America, 1440 York Court Extension, Burlington, NC 27215

action or judgment upon the LabCorp Corporation. Therefore, the Plaintiff uses this paragraph to be use for summary judgment standard that it should not be any difference from those used in federal employee violation of the law. This state as well receives and operates off federal and states funds.

This Opposition was prepared on the basics of Article 1 Bill of Rights, paragraph V, VI, VII, XI, XII, XIII, and XIV. The Plaintiff wishes that such Articles to be applied in all ruling.

Respectfully Submitted,

CLEMMONS' ESTATE
C/O SAMUEL CLEMMONS
ATTN: C. OWENS
2137 SOFT PINE LN
ACWORTH, GA 30132

**See Attachment:**

Admission, Set of Interrogation, & Request for Production of documents
        (Subpoena Duce Tecum)
Proposed Order

AO 88 (Rev. 1.94) Subpoena in a Civil Case

**Issued by the**

# United States District Court

### DISTRICT OF COLUMBIA

*CLEMMONS' ESTATE*
*c/o SAMUEL CLEMMONS*

**SUBPOENA IN A CIVIL CASE**

V.

*LABCORP, LABORATORY CORP. OF*
To: *AMERICA HOLDEN*
        *c/o ATTORNEY HOLLY A. PAL*

CASE NUMBER: *1 06 CV 01536 (RCL)*

☑ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE *U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA, 333 CONSTITUTION AVE, NW RM #1225, WASHINGTON DC* | DATE AND TIME *12/30/2006* |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE *12/1/2006* |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER *PH # 866 409-7758*
*CLEMMONS' ESTATE c/o SAMUEL CLEMMONS, ATTN: C. OHGIS 2137 SOFT PINE LN, ALPHARETTA, GA 30132*

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1.94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | LABCORP, LABORATORY CORP. OF AMERICA HLD.S GNL. | ZUCKERMAN SPAEDER, LLP 1800 M. STREET, N.W. WASHINGTON, DC 20036 |
| SERVED ON (PRINT NAME) ATTORNEY HOLLY A. PAL | | MANNER OF SERVICE CERTIFIED MAIL RETURN RECEIPT #7006 0100 0001 6544 1900 |
| SERVED BY (PRINT NAME) CLEMMONS' ESTATE c/o SAMUEL CLEMMONS | | TITLE PLAINTIFF, PRO SE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    12 / 1 / 2006
_____
Date

_____
Signature of Server

CLEMMONS' ESTATE c/o SAMUEL CLEMMONS
Address of Server
ATTN: C. ONENS
213T SOFT PINE LN, ACWORTH, GA 30132

---

RULE 45, Federal Rules of Civil Procedure, Part C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance.

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that

person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(vi) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an un-retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLEMMONS' ESTATE ) | **CIVIL ACTION NO:** |
| C/O SAMUEL CLEMMONS ) | |
| ) | 1: 06CV01536 (RCL) |
| PLAINTIFF ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| LABCORP, LABORATORY CORP. OF ) | |
| AMERICA HOLDING ) | |
| | |
| DEFENDANTS | |

## <u>ORDER</u>

Upon consideration of the Plaintiff's Motion Request to deny the Defendant's Motion Request for Leave to Appear PRO HAV VICE by the Laboratory Corporation of America Holding and the Defendant's Motion Request to Dismiss with prejudice.

I find that good cause has not been proven by the Defendant's Counsel to grant such Motion Request and the Court has not approved or granted such motion request within the 10 days period when such Motion was filed within the Court.

I HEREBY ORDER The Defendant's Counsel to submit his or her Exhibits under a separate Motion Request to show good cause why such case should be dismissed in order to move forth so that such case matter can be closed accordingly.

I HEREBY ORDER The Defendant's Counsel to submit his or her discovery of facts against the Plaintiff's Complaint and Opposition Motion within <u>30 days</u> following this ORDER now giving the Defendant's Counsel in additional <u>30 days</u> adjacent to the <u>60 days</u> GRANTED by this Court.

2

If the Defendant's Counsel failed to honor these instructions I will find it best suitable to render the Plaintiff a Summary Judgment in whole but in favor of the Plaintiff for the full award amount the Plaintiff requested relief according to Rule 8 of the Federal Civil Procedures.

IT IS HEREBY ORDERED that any of the Defendants Counsel's continuous Motion Requests to dismiss will be DENIED.

The Plaintiff's Motion Requests to move forth for Summary Judgment in whole but in favor of the Plaintiff will be GRANTED after 30 days according to my instructions.

SO ORDERED this _____ day of _____ 2006

_____
Honorable Royce C. Lamberth
United States District Court Judge

**Copies to:**

Clemmons' Estate
C/o Samuel Clemmons
Attn: C. Owens
2137 Soft Pine Ln.,
Acworth, GA 30132

And

Defendant's Counsel

Holly A. Pal
ZUCKERMAN SPAEDER LLP
1800 M. Street, N.W.
Washington, DC 20036

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of December 2006, a true copy of the
<u>PLAINTIFF'S OPPOSITION AGAINST THE DEFENDANT'S MOTION REQUEST</u>
<u>TO DISMISS WITH PREJUDICE AND PLAINTIFF'S FIRST REQUEST FOR</u>
<u>ADMISSION, SET OF INTERROGATION, AND REQUEST FOR PRODUCTION OF</u>
<u>DOCUMENTS AND THINGS PROPOUNDED TO DEFENDANT</u> was served by
regular mail concerning case # 1: 06CV01536 (RCL)

To: Defendant's Counsel

Holly A. Pal
ZUCKERMAN SPAEDER LLP
1800 M. Street, NW
Washington, DC 20036

And

District Court for the District of Columbia
**Attn: Office of the Clerk &**
**Judge Royce C. Lamberth's Chambers**
333 Constitution Ave, NW
Room 1225
Washington, DC 20001

Clemmons' Estate
C/o Samuel Clemmons
Attn: C. Owens
2137 Soft Pine Ln.,
Acworth, GA 30132