UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CLEMMONS' ESTATE )<br>c/o SAMUEL CLEMMONS, )<br>    )<br>   Plaintiff, )<br>    )<br>v. )<br>    )<br>LABORATORY CORP. OF )<br>AMERICA HOLDINGS, )<br>    )<br>   Defendant. )<br>    ) | Civil Action No. 1:06-cv-01536 (RCL) |

**REPLY MEMORANDUM OF DEFENDANT LABORATORY
CORPORATION OF AMERICA HOLDINGS IN SUPPORT OF ITS
<u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

Defendant Laboratory Corporation of America Holdings ("LabCorp") respectfully submits this reply memorandum in support of its motion to dismiss Plaintiff's Complaint (the "Complaint") pursuant to Fed. R. Civ. P. 12(b)(6). Even assuming all of the Complaint's allegations to be true, Plaintiff has failed to allege facts that would give rise to any valid claim against LabCorp. Accordingly, Plaintiff's Complaint must be dismissed in its entirety for failure to state a claim upon which relief can be granted.

## I. PRELIMINARY STATEMENT

Despite Plaintiff's rambling prose,[1] the theme of Plaintiff's December 5, 2006 opposition brief ("Opposition" or "Opp.") rings loud and clear – Plaintiff strongly objects to the Georgia state court's March 18, 2003 Order directing that Plaintiff be transported to LabCorp for a paternity test to be conducted ("Georgia Order"), and Plaintiff has sued LabCorp for complying with the Georgia Order. Although Plaintiff cites a plethora of legal authority in the "Enlargement of Time Request By The Plaintiff" attached to the end of Plaintiff's Opposition, not a single one of the 19 cases referenced is remotely relevant. Instead, these case citations further demonstrate Plaintiff's preoccupation with disputing the criminal proceedings against him in Georgia state court. In fact, nearly all of the U.S. federal and state cases that Plaintiff cites are either criminal cases or child custody cases involving paternity issues.[2]

---

[1] Plaintiff, a disingenuously litigious *pro se* plaintiff who has filed fourteen lawsuits in this Court in 2005 and 2006 alone, seeks to draw support from two of the many other litigations he has commenced, suggesting that LabCorp is linked to them in some unspecified way and that "both case are now in default for failure to appear and to defend such action imposed against them." Opp. at 7. For the record, LabCorp clarifies that it is not a party to or otherwise involved in any of Plaintiff's other cases, despite Plaintiff's assertions concerning case numbers 1:06CV01285 (RCL) and 1:06CV01657 (RCL).

[2] Plaintiff predominantly cites criminal cases. *See* Opp. at 14-15 ("*State v. Salvny*, 195 Ga. App. 818 (1990), 395 S.E. 2d 56;" "*Biddle v. Commonwealth*, Supreme Court of Appeals of Virginia, 1965. 206 Va. 14, 141 S.E.2d 710; *Regina v. Hogan*, Court of Criminal Appeal, 1851. 5 Cox C.C. 255; *Regina v. Downes*, Court of Criminal Appeal, 1875, 13 Cox C.C. 111; *Jones v. United States*, United States Court of Appeal, District of Columbia Circuit, 1962, 113 U.S. App.D.C. 352, 308 F.2d 307;" "*Mooreland v. State*, Supreme Court of Georgia, 1927, 164 Ga. 467, 139 S.E. 77; *Commonwealth v. Putch*, County Court, Allegheny County, Pennsylvania, 1932, 18 Pa.D. & C. 680; *Van Buskirk v. State*, Court of Criminal Appeals of Oklahoma, 1980, 611 P.2d 271," "*Wright v. United States*, 519 F.2d 13 (7th Cir. 1975) and *Gebardi v. United States*, Supreme Court of the United States, 1932, 287 U.S. 112, 77 L.Ed. 206, 53 S. Ct. 35"). Plaintiff cites two child custody cases addressing paternity issues. *See* Opp. at 14 ("Smith v. Ga. Department of Human Resources, 226 Ga. App.491, 493 (1997), *Department of Human Resources v. Pinter*, 241 GA. App. 10; 525 S.E. 2nd 715 (1999)"). Plaintiff cites three cases concerning the burden of proof in a motion for summary judgment, which has no bearing on this motion to dismiss. *See* Opp. at 15 ( "*Langley v. Adams County*, Colorado, 987 F.2d 1473, 1476 (10th Cir. 1933)," "*Anthony v. United States*, 987 F.2d 670,672 (10th Cir.1993)," and "*Celotex*

To the extent that Plaintiff's Opposition sheds any light on his claims, it reinforces rather than cures the deficiencies of the Complaint. The brief suggests that Plaintiff is seeking redress for alleged violations of the Freedom of Information Act ("FOIA") and the U.S. Constitution.[3] Only federal agencies are subject to FOIA, however, and LabCorp is not a federal agency. Similarly, constitutional claims cannot be maintained against LabCorp because it is not a state actor.

## II.  ARGUMENT

### A.  Plaintiff Improperly Seeks To Use This Lawsuit As A Vehicle To Appeal The Georgia Order

Plaintiff's Opposition demonstrates that this lawsuit is nothing more than Plaintiff's misguided attempt to appeal the Georgia Order. As an initial matter, it should be noted that Plaintiff does not dispute the accuracy or authenticity of the Georgia Order (attached to LabCorp's opening memorandum as Exhibit 1). Rather, Plaintiff takes issue with the Georgia state court's decision to enter the Georgia Order.

---

*Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986)"). Plaintiff includes two cases from foreign courts. *See* Opp. at 14 ("*The Queen v. White*, Court for Crown Cases Reserved, 1871. L.R. 1 C.C. 311; *Rex v. Russell*, Supreme Court of Victoria, 1932, [1933] Vict. L.R. 59."). Finally, two of the cases Plaintiff cites do not even refer to any particular court decision. *See* Opp. at 14 ("*State of Georgia v. Vernon Jones (CEO)*, *Odum v. Smith*, No. CV98127449").

[3] If Plaintiff initially was asserting claims for theft, fraud, or libel, he makes no reference to them in his Opposition and appears to have abandoned them. Although Plaintiff's Opposition continues to refer to alleged violations of 18 U.S.C. § 1001 (Opp. at 3, 9), that statute does not confer a private right of action. *See, e.g., Federal Sav. and Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 138 (4th Cir.1987); *Daniels v. American Postal Worker Union*, 167 F.Supp.2d 999, 1003 (N.D.Ill. 2001); *Williams v. McCausland*, 791 F.Supp. 992, 1001 (S.D.N.Y. 1992).

It is completely improper for Plaintiff to ask this Court to second-guess an order issued by the Georgia state court.[4]  *See, e.g., Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-22 (2005) (holding that federal courts are precluded from proceeding in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").  Insofar as Plaintiff has any valid objections related to the criminal proceedings against him in Georgia state court, his challenges should be directed to the appropriate channels.

Moreover, LabCorp has an absolute defense to Plaintiff's claims because LabCorp acted in good faith reliance on the Georgia Order.  The section of the U.S. Code that governs recovery of civil damages explicitly provides:

> Defense.--A good faith reliance on--
>
> (1) a court warrant or order, a grand jury subpoena, a legislative authorization, or a statutory authorization;
>
> (2) a request of an investigative or law enforcement officer under section 2518(7) of this title; or
>
> (3) a good faith determination that section 2511(3) or 2511(2)(i) of this title permitted the conduct complained of;
>
> is a complete defense against any civil or criminal action brought under this chapter or any other law.

18 U.S.C.A. § 2520(d) (emphasis added).  Accordingly, the Complaint must be dismissed.

---

[4] In an apparent attempt to get the Court to review the decisions of the Georgia state court, Plaintiff absurdly notes LabCorp's failure to: recognize that Plaintiff was "held illegally captive against the Plaintiff's will on March 3rd, 2003 until March 26, 2003…" (Opp. at 3-4), "see that such process or dealing with the State of Georgia was a rambling, nonsensical and very confusing..." (Opp. at 4), discuss "attempts made by the Plaintiff and the Plaintiff's Attorney…to resolve such issue by showing up on two occasions prior to this illegal tactic…" (Opp. at 4), and "express what date such expert witness testified in court concerning the validity of such blood or alleged claim DNA that cost the State of Georgia approximately $ 120.00 to justify a crime of Abandonment..." (Opp. at 5).

> **B.     Plaintiff Is Precluded From Bringing FOIA And Fourth Amendment Claims Against A Corporation That Is Not A Federal Agency Nor A State Actor**

While Plaintiff's Opposition confirms that Plaintiff is accusing LabCorp of violating FOIA (Opp. at 6), Plaintiff makes no attempt to refute the legal reality that FOIA only establishes a right to the records of <u>federal</u> <u>agencies</u>.  *See, e.g., Broaddrick v. Executive Office of President*, 139 F.Supp.2d 55, 65 (D.D.C. 2001).  As Plaintiff does not and could not assert that LabCorp is a federal agency, it is clear that Plaintiff's FOIA claim must be dismissed.

Plaintiff requests that LabCorp apologize to the State of Georgia, the Court, and Plaintiff "for performing an illegal search and seizure into the Plaintiff's allege body…." Opp. at 1.  To maintain a Fourth Amendment claim, however, Plaintiff would need to plead state action.  *See, e.g., Woodward & Lothrop v. Hillary*, 598 A.2d 1142, 1145 (D.C. 1991).  The closest that Plaintiff even comes to addressing the issue of state action, is Plaintiff's ambiguous accusation that LabCorp's "profits are generated off the State of Georgia by promoting under-class development to bring more profits into the State of Georgia off Federal and States funds." Opp. at 6.  Even if this is an allegation that LabCorp received government funding -- a point that LabCorp does not concede -- it would fall far short of demonstrating state action.  *See, e.g., Blum v. Yaretsky*, 457 U.S. 991, 1011, 102 S.Ct. 2777, 2789 (1982).  Because LabCorp is not a state actor, Plaintiff's constitutional claim must be dismissed.

### III.  CONCLUSION

For the reasons set forth above, as well as in the memorandum of law supporting LabCorp's motion to dismiss, LabCorp respectfully requests dismissal of the Complaint in its entirety, with prejudice.

5

Dated:  December 11, 2006						Respectfully submitted,


/s/ Holly A. Pal
Holly A. Pal (D.C. Bar No. 490737)
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
202-778-1855 (telephone)
202-822-8106 (facsimile)

Martin S. Himeles, Jr.
*Pro hac vice* pending
ZUCKERMAN SPAEDER LLP
100 E. Pratt St., Suite 2440
Baltimore, MD 21202
410-949-1144 (telephone)
410-659-0436 (facsimile)

*Counsel for Defendant*
*Laboratory Corporation of America Holdings*

**CERTIFICATE OF SERVICE**

I certify that on December 11, 2006, the foregoing Reply Memorandum of Defendant Laboratory Corporation of America Holdings In Support of Its Motion to Dismiss Plaintiff's Complaint was served upon Plaintiff, a non-CM/ECF participant, via first class mail, postage pre-paid as follows: The Clemmons' Estate, c/o Samuel Clemmons, Attn: C. Owens, 2137 Soft Pine Ln., Acworth, GA 30132.

                                        /s/ Holly A. Pal
                                        Holly A. Pal (D.C. Bar No. 490737)
                                        ZUCKERMAN SPAEDER LLP
                                        1800 M Street, N.W., Suite 1000
                                        Washington, D.C. 20036
                                        202-778-1855 (telephone)
                                        202-822-8106 (facsimile)