**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **THE CLEMMONS' ESTATE** ) | |
| **c/o SAMUEL CLEMMONS,** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action No. 1:06-cv-01536 (RCL)** |
| ) | |
| **v.** ) | |
| ) | |
| **LABORATORY CORP. OF** ) | |
| **AMERICA HOLDINGS,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM OF DEFENDANT LABORATORY CORPORATION OF**
**AMERICA HOLDINGS IN SUPPORT OF ITS MOTION TO STAY DISCOVERY**

Defendant Laboratory Corporation of America Holdings ("LabCorp") respectfully

submits this memorandum in support of its motion to stay discovery. In order to prevent

unnecessary expenditure of the Court's and parties' time and resources, the Court should stay

discovery in this action pending resolution of the fully briefed motion to dismiss filed by

LabCorp on November 14, 2006.

**I. STATEMENT OF FACTS**

On August 30, 2006, Plaintiff filed a practically incomprehensible complaint (the

"Complaint") that appeared to assert a wide variety of criminal and constitutional claims against

LabCorp because it complied with a court order requiring a paternity test. Plaintiff never served

the Complaint, but sent a Federal Express package containing a copy of the Complaint to a

LabCorp building. Recognizing that Plaintiff is proceeding *pro se*, LabCorp generously

considered this package to be a request for waiver pursuant to Fed. R. Civ. P. 4(d)(2), and agreed

to waive service.  On November 14, 2006, LabCorp filed a motion to dismiss the Complaint for failure to state a claim upon which relief can be granted (the "Motion to Dismiss").

On December 5, 2006, Plaintiff filed an opposition to the Motion to Dismiss (the "Opposition"), which suggested that Plaintiff's primary claims against LabCorp are alleged violations of the Freedom of Information Act ("FOIA") and the U.S. Constitution.  Attached to the Opposition was Plaintiff's first attempt to initiate the discovery process -- a subpoena directing LabCorp to produce unspecified documents on December 30, 2006.  On December 11, 2006, LabCorp filed a reply brief in response to the Opposition.  On that same day, counsel for LabCorp received a compound discovery request from Plaintiff titled "Plaintiff's First Request for Admission, Set of Interrogatories, and Request for Production of Documents and Things Propounded to Defendant."

## II.  ARGUMENT

### A.    Standard Of Review For Staying Discovery

The "decision whether to stay discovery is committed to the sound discretion of the district court judge," and will be reviewed only for abuse of discretion.  *White v. Fraternal Order of Police*, 909 F.2d 512, 517 (D.C. Cir. 1990) (upholding district court's decision to stay discovery prior to resolving summary judgment motion where the record provided adequate information to rule on the motion).  *See also Charles v. Washington*, No. 02-7160, 2003 WL 1907970, at *1 (D.C. Cir. Apr. 17, 2003) (affirming the district court's decision to stay discovery pending resolution of the defendant's motion to dismiss where "appellants ha[d] not shown that the district court abused its discretion").

No case could be more appropriate for the Court's exercise of its discretion to stay discovery than this one.  The *pro se* Plaintiff – who has thirteen other lawsuits pending before this Court – has asserted federal constitutional and FOIA claims, as well as claims based on

federal criminal law, against LabCorp, a corporation that is not a state actor. LabCorp's Motion to Dismiss has been fully briefed and awaits decision. If granted, the motion will dispose of the case in its entirety. The lawsuit itself has put LabCorp to unnecessary expense and inconvenience. Permitting discovery to proceed in an action that is on its deathbed would cause further unnecessary expense, and likely would burden the Court as discovery disputes arise. The Court's discretion is best exercised by staying discovery pending disposition of the motion to dismiss.

**B.    It Would Be Inappropriate And Wasteful For The Parties To Proceed With Discovery Before The Pending Motion To Dismiss Is Resolved**

The Court should protect LabCorp from having to respond to Plaintiff's premature subpoena and discovery requests. Where, as here, the defendant has filed a motion to dismiss on the grounds that the complaint fails to state a claim upon which relief can be granted, resolving the motion in favor of the defendant would dispose of the entire case. "'It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.'" *Institut Pasteur v. Chiron Corp.*, 315 F.Supp.2d 33, 37 (D.D.C. 2004) (quoting *Anderson v. United States Attorney's Office*, 1992 WL 159186, at *1 (D.D.C. Jun.19, 1992)). Notably, this Court stayed discovery pending the resolution of a motion to dismiss in another case filed by Plaintiff in this Court. *Clemmons v. American Postal Workers' Union*, *et al.*, Civil Action No. 06-115 (RCL) (June 21, 2006). The Court should do the same here. [1]

Clearly it would be a senseless waste of the Court's and parties' time and resources if Plaintiff and LabCorp engaged in discovery while a decision is pending that may render

---

[1] As a procedural matter, the Federal Rules of Civil Procedure provide, in relevant part, that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d). No such conference has taken place between the parties yet.

discovery wholly unnecessary. *See Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority*, 201 F.R.D. 1, 2 (D.D.C. 2001) (stating that "[a] stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources'") (quoting *Coastal States Gas Corp. v. Department of Energy*, 84 F.R.D. 278, 282 (D.Del. 1979)).    Accordingly, the Court should stay discovery in this matter while it considers the Motion to Dismiss, which has been fully briefed and is ripe for adjudication.

## IV.  CONCLUSION

For the foregoing reasons, LabCorp respectfully requests that the Court enter an Order staying discovery until the pending Motion to Dismiss has been resolved. [2]

---

[2] It is questionable whether discovery ever would be appropriate in this purported FOIA action. *See, e.g., Judicial Watch, Inc. v. Exp. Imp. Bank*, 108 F.Supp.2d 19, 25 (D.D.C. 2000) (holding that discovery is generally precluded in a FOIA case).

Dated:  December 18, 2006                    Respectfully submitted,


/s/ Holly A. Pal_____
Holly A. Pal (D.C. Bar No. 490737)
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W.
Washington, D.C. 20036
202-778-1855 (telephone)
202-822-8106 (facsimile)

Martin S. Himeles, Jr.
*Pro hac vice* pending
ZUCKERMAN SPAEDER LLP
100 E. Pratt St., Suite 2440
Baltimore, MD 21202
410-949-1144 (telephone)
410-659-0436 (facsimile)

*Counsel for Defendant*
*Laboratory Corporation of America Holdings*

## CERTIFICATE OF SERVICE

I certify that on December 18, 2006, the foregoing Memorandum of Defendant Laboratory Corporation of America Holdings In Support of Its Motion to Stay Discovery was served upon Plaintiff, a non-CM/ECF participant, via first class mail, postage pre-paid as follows: The Clemmons' Estate, c/o Samuel Clemmons, Attn: C. Owens, 2137 Soft Pine Ln., Acworth, GA 30132.

/s/ Holly A. Pal
Holly A. Pal (D.C. Bar No. 490737)
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W.
Washington, D.C. 20036
202-778-1855 (telephone)
202-822-8106 (facsimile)