UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **THE CLEMMONS' ESTATE** <br> **c/o SAMUEL CLEMMONS,** <br> <br> Plaintiff, <br> <br> v. <br> <br> **LABORATORY CORP. OF** <br> **AMERICA HOLDINGS,** <br> <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 1:06-cv-01536 (RCL) |

**MEMORANDUM OF DEFENDANT LABORATORY CORPORATION OF AMERICA HOLDINGS IN SUPPORT OF ITS MOTION TO STRIKE, OR IN THE ALTERNATIVE TO STAY, PLAINTIFF'S MOTION REQUEST TO ENTER SUMMARY OF FACTS**

Defendant Laboratory Corporation of America Holdings ("LabCorp") respectfully submits this memorandum in support of its motion to strike, or in the alternative to stay, Plaintiff's "Motion Request to Enter Summary of Facts, Testimonies and Motion to Enter Discovery Before the Court to Bring Case Matter Before the Court to a Close and Support the Plaintiff's Demands for Summary Judgment in Favor of the Plaintiff Against the Defendants as Stated Therein According to Federal Rules of Civil Procedures, Rule 54(c)."

In order to prevent unnecessary expenditure of the parties' time and resources, the Court should strike, or at least stay, Plaintiff's ambiguous motion pending resolution of the fully briefed motion to stay discovery and/or the motion to dismiss filed by LabCorp.

## I. STATEMENT OF FACTS

On August 30, 2006, Plaintiff filed a practically incomprehensible complaint (the "Complaint") that appeared to assert a wide variety of criminal and constitutional claims against LabCorp because it complied with a court order requiring a paternity test. On November 14,

2006, LabCorp filed a motion to dismiss the Complaint for failure to state a claim upon which relief can be granted (the "Motion to Dismiss"). On December 5, 2006, Plaintiff filed an opposition to the Motion to Dismiss and a subpoena directing LabCorp to produce unspecified documents on December 30, 2006. On December 11, 2006, LabCorp filed a reply brief in response to the Opposition. On that same day, counsel for LabCorp received a compound discovery request from Plaintiff titled "Plaintiff's First Request for Admission, Set of Interrogatories, and Request for Production of Documents and Things Propounded to Defendant." On December 18, 2007, LabCorp moved to stay discovery in this matter pending resolution of LabCorp's Motion to Dismiss ("Motion to Stay Discovery"). On January 8, 2007, Plaintiff filed "Plaintiff's Motion Request to Enter Affidavit of Service showing Proper Proof of Delivery of Plaintiff's Opposition Against the Defendant's Motion Request to Dismiss with Prejudice and Plaintiff's First Request for Admission, Set of Interrogation, and Request for Production of Documents And Things Propounded to Defendant." On January 22, 2007, Plaintiff filed "Plaintiff's Motion Requests to Enter Alternative Motion Before the Court after the Plaintiff's Motion Request Before The Court to Enter Plaintiff's Opposition Against the Defendant's Motion Request to Dismiss with Prejudice and Plaintiff's First Request For Admission, Set of Interrogation, and Request for Production Of Documents and Things Propounded to Defendant in Case Defendant Wishes to Move Forth for a Jury Trial if Necessary." Plaintiff now has filed a motion titled "Plaintiff's Motion Request to Enter Summary of Facts, Testimonies and Motion to Enter Discovery Before the Court to Bring Case Matter Before the Court to a Close and Support the Plaintiff's Demands for Summary Judgment in Favor of the Plaintiff Against the Defendants as Stated Therein According to Federal Rules of Civil Procedures, Rule 54(c)."

## II. ARGUMENT

Once again, Plaintiff has filed a pleading that is so rambling and disjointed that it is impossible to determine what relief he seeks. Insofar as the motion seeks to move forward with discovery, it has been fully addressed in LabCorp's Motion to Stay Discovery. But the motion makes reference to summary judgment, and in case Plaintiff intends in his motion to seek summary judgment, LabCorp responds herein.

The Court should protect LabCorp from having to respond to a motion for summary judgment at this juncture. Pursuant to the Federal Rules of Civil Procedure, when a summary judgment motion has been filed prematurely, "the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Fed. R. Civ. P. 56(f). In the event that the Complaint is not dismissed, LabCorp will not be in a position to respond to Plaintiff's summary judgment motion until discovery is complete.[1] As set forth in LabCorp's Motion to Stay Discovery, however, it is in the interests of judicial efficiency and economy to stay the discovery process until after the Court has ruled on LabCorp's Motion to Dismiss. Where, as here, the defendant has filed a motion to dismiss on the grounds that the Complaint fails to state a claim upon which relief can be granted, resolving the motion in favor of the defendant would dispose of the entire case and obviate the need for any discovery.

Even assuming that LabCorp could respond to Plaintiff's motion for summary judgment prior to the start of discovery, it would be a senseless waste of the parties' time and resources for

---

[1] Rule 56(f) contemplates that a party opposing summary judgment on these grounds show, by affidavit, why that party cannot present, by affidavit, facts essential to its opposition. Here, because the nature and substance of Plaintiff's motion is unclear, LabCorp cannot even determine the basis for his belief that he is entitled to summary judgment – if that is in fact what he seeks. Indeed, because the Complaint was incomprehensible, LabCorp remains unable to determine exactly what Plaintiff is claiming. Plaintiff's Complaint should be dismissed, but if it is not, LabCorp will require discovery to determine the nature of his claim and the facts that relate to it. Until that occurs, LabCorp cannot submit conventional Rule 56(f) affidavits.

Plaintiff and LabCorp to submit briefs regarding Plaintiff's motion for summary judgment while a decision is pending that may render the summary judgment motion moot. *See Oliver v. Franks*, No. 04-C-735, 2005 WL 2989310, at *2 (E.D.Wis. Nov. 7, 2005) (granting the defendants' motion to stay the summary judgment deadline pending resolution of a motion to dismiss). Accordingly, the Court should strike, or at least stay, Plaintiff's motion for summary judgment while it considers LabCorp's Motion to Dismiss and LabCorp's Motion to Stay Discovery, which have been fully briefed and are ripe for adjudication.[2]

### III. CONCLUSION

For the foregoing reasons, LabCorp respectfully requests that the Court enter an Order striking, or alternatively staying, Plaintiff's motion for summary judgment, until the pending Motion to Stay Discovery and Motion to Dismiss have been resolved. An appropriate Order is attached.

---

[2] In the event that the Court denies the instant motion, LabCorp respectfully requests an extension of time to file an opposition to Plaintiff's summary judgment motion.

4

Dated: March 19, 2007               Respectfully submitted,


                                    /s/ Holly A. Pal
                                    Holly A. Pal (D.C. Bar No. 490737)
                                    ZUCKERMAN SPAEDER LLP
                                    1800 M Street, N.W.
                                    Washington, D.C. 20036
                                    202-778-1855 (telephone)
                                    202-822-8106 (facsimile)

                                    Martin S. Himeles, Jr.
                                    *Pro hac vice* pending
                                    ZUCKERMAN SPAEDER LLP
                                    100 E. Pratt St., Suite 2440
                                    Baltimore, MD 21202
                                    410-949-1144 (telephone)
                                    410-659-0436 (facsimile)

                                    *Counsel for Defendant*
                                    *Laboratory Corporation of America Holdings*

## CERTIFICATE OF SERVICE

    I certify that on March 19, 2007, the foregoing Memorandum of Defendant Laboratory Corporation of America Holdings in Support Of its Motion to Strike, or in the Alternative to Stay, Plaintiff's Motion Request to Enter Summary of Facts was served upon Plaintiff, a non-CM/ECF participant, via first class mail, postage pre-paid as follows: The Clemmons' Estate, c/o Samuel Clemmons, Attn: C. Owens, 2137 Soft Pine Ln., Acworth, GA 30132.

                                    /s/ Holly A. Pal  
                                    Holly A. Pal (D.C. Bar No. 490737)  
                                    ZUCKERMAN SPAEDER LLP  
                                    1800 M Street, N.W.  
                                    Washington, D.C. 20036  
                                    202-778-1855 (telephone)  
                                    202-822-8106 (facsimile)