IN THE UNITED STATES DISTRICT COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLEMMONS' ESTATE ) | CIVIL ACTION NO: |
| C/o SAMUEL CLEMMONS ) | |
| ATTN: C. OWENS ) | 07-7116 |
| P.O. BOX 347 ) | |
| BROOKHAVEN, MS 39602 ) | 07-22 |
| 866-409-7758 ) | |
|   Petitioner ) | 1:06CV01536 |
| vs. ) | |
| ) | |
| LABCORP, LABORATORY CORP. OF ) | |
| AMERICA ) | |
|   Respondent (s) ) | |

**PETITIONER'S MOTION FOR LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS IN A CONFIRMED DEFAULT CASE AS OF 10/05/2006 & 10/27/2006 (SEE CASE # 06CV01657 (DEKALB COUNTY SHERIFF DEPT)**

Come now the Petitioner file this motion for leave to proceed on appeal in Forma Pauperis after filing the Plaintiff's Affidavit in support of the Petitioner's appeal before the United States Court of Appeals in nature to "Complaint of Misconduct" or Complaint of Disability". Please review previous submission to prevent another submission on the record.

The Petitioner is requesting from the Deputy Clerk and the Court a waiver for filing this docket fee. Reason for such request is due to the facts that the Petitioner has already paid a filing fee in the United States District Court and received no justice, relief or Due Process of Law according to the United States Constitution. This is a proven fact that such was not granted. The Petitioner is requesting that such filing fee to be waived until after the Petitioner has proven wrongdoing by the trial court in not honoring and accepting the Federal Rules of Civil Procedures and not honoring the **Privacy Act** (See attached affidavit or sworn complaint for the record)

Therefore, the Petitioner is requesting to put up a **security** under an **IOU** from another case that has been in default since October 27, 2006 with interest is accruing daily that is still

pending payment as of this date. Therefore, poverty cannot apply when someone or a party owes you a debt in the amount of **$10,000,000.00** or more.

Therefore the Petitioner feels that poverty is not the issue in filing this request before the court. If such case is not in default and such default has not been entered then such should trigger illegally activities or other unethical reasoning in removing such individual or agency out of default without any justification when the Defendant or Respondent still failed to appear with justification. Due to multiple failures in showing good cause why such Defendant should not be in default which should be serious issues that the United States Court of Appeals should amend for correction so that this docket fee can be paid accordingly. If such cannot be approved then the Petitioner will pay such docket fee after receiving such denial communication from the Office of the Clerk of the United States Court of Appeals.

The Petitioner feels that the Court will find errors made on behalf of the trial court. The court will find intentional errors by the trial court as well as failures to cooperate by the Defendants or Respondent and failures by the trial court to compel the Defendant or Respondent to cooperate with and in accordance with the Federal Rules of Civil of Procedures. These violations proven by the Petitioner should be overturned in favor of the Petitioner. This is the genuine reason why the Petitioner filed this appeal under the term or statue of **IOU**.

The United States Court of Appeals will find that the Defendant(s) or Respondent (s) was accurately served such summons and complaint and just failed to appear to prevent from being prosecuted in a timely manner. These failures should have placed such Defendant or Respondent in automatic default. These are proven signs in which the presiding judge intentionally overlooked and intentionally went in to alter the docket by removing such default or informing the Office of the Clerk not to enter such default in an illegal attempt to prevent the Plaintiff from

prevailing. This alone is an act of **misconduct** and many issues thereafter which needs to be addressed first within the court in other places outside this court.

The United States Court of Appeals will find that the Petitioner provided substantial evidence to validate his claim and acted in accordance and within the Federal Rules of Civil Procedures, Rule 5.2.

The United States Court of Appeals will find out that the Defendant or Respondent never proved or supported its dispositive motion with substantial evidence to justify why case should be dismissed.

The United States Court of Appeals will see and find out that a Motion to Enter Discovery was never granted upon the Defendant to enter any or such discovery material.

The United States Court of Appeals will find out that such order by the lower court was never given to the Defendant after showing up untimely to enter a dispositive motion. Therefore, such motion for dismissal is not proper and not correct in accordance with rules and instructions of the Federal Rules of Civil Procedures, Rule 5.

The United States Court of Appeals will see and find out that the Respondent failed to cooperate after being served properly and if such Defendant or Respondent did response. The United States Court of Appeals will see that such Defendant or Respondent failed to cooperate based on the Admission, Interrogatories and Subpoena Duce Tecum served upon them in accordance with the Federal Rules of Civil Procedures, Rule 26, 33, 36 and 37 after appearing untimely.

The United States Court of Appeals will see that the Petitioner never received such standard of summary judgment the Petitioner was entitled to receive.

The United States Court of Appeals will see that the Petitioner never received anything there after when such case was closed or terminated with an intentional act to prevent and deny the Petitioner his rights under the Due Process of Law to file a timely appeal. This was an intentional tort act to cause miscarriage of justice to prevent the Petitioner from ever prevailing according to Federal Rules of Civil Procedures.

The United States Court of Appeals will see and find out that lower court is the Petitioner's true enemy not the Defendant. These illegal activities are mostly trigger from activities of the lower court and not the Defendant or Respondent.

The United States Court of Appeals will see and find out that the Petitioner did no harm or wrong to anyone. The Respondent or Defendant caused such harm upon his, her or themselves.

The United States Court of Appeals will find that the Petitioner offered to reissue of summons allowing the Respondent another opportunities to redeem themselves, but such offer was not granted which now such record or docket should be amended in favor of the Petitioner.

The United States Court of Appeals will see and find out based on the activity of the docket and the Petitioner requests for the records sought under the Privacy Act and not the Freedom of Information Act.

The United States Court of Appeals will see that the United States District Court made no effort through an order to delete any wrongful marks or derogatory remarks against the Petitioner. These are true signs of wrongdoing when no such person or agency cannot justify their illegal statements or actions administrated against the Petitioner to cause this action or case in this court.

The United States Court of Appeals will see that the Petitioner filed everything timely and gave such Respondent or Defendant a fair but equal opportunity to comply outside of court and inside of court. It was the Respondent or the Defendant who failed to comply or cooperate.

The United States Court of Appeals shall see why the Petitioner feels that this case has been fully briefed by the Petitioner and why the Petitioner continue to demand a jury trial according to the Petitioner's constitution rights if needed or necessary.

The United States Court of Appeals shall see that the United States District Court for the District of Columbia or the Respondent should be responsible for both courts filing fees and not the Petitioner.

Therefore, due to the debt owe to the Petitioner after the Petitioner has filed such filing fee in the United States District Court and proven by the Petitioner. The debt owe should be used to pay off such docket fee as the Petitioner has stated and presented in this entry request before the Court. Therefore, such docket fee should be deducted from the amount payable from the judgment fund of case number **1:06-cv-01657 (Dekalb County Sheriff Dept)**. Once again, the court will find that this case has been in default over ten months and such debt needs to be paid immediately so that other business in the court can be paid.

Once again, if such request is denied. The Petitioner will pay such fee if such order can be given that the Petitioner will be granted his demand jury trial as pervious requested in the United States District Court in which such court denied violating the Petitioner's rights to a jury trial according to the United States Constitution.

In interim, the Petitioner will still submit the Motion for Leave to Proceed on Appeal in Forma Pauperis, Affidavit in Support of Motion and Judgment Fund Award Data Sheet (FMS

196). These documents should establish a waiver per the court's order and established security to pay in hope that the court's business can proceed accordingly.

Respectfully submitted,

*/s/ Samuel Clemmons*
CLEMMONS' ESTATE
C/o SAMUEL CLEMMONS
ATTN: C. OWENS
P.O. BOX 347
BROOKHAVEN, MS 39602
866-409-7758

**Attachment: Motion for Leave to Proceed on Appeal In Forma Pauperis**